## Passigli v. Lipson

*Abrahams & Lowenstein* and *A. Margolis*, for plaintiff.

*Snyder, West & Wilcox*, for defendants.

HENNINGER, P. J., December 5, 1955.—Plaintiff was seriously injured while a passenger in the car of de-

fendant, when the car left the highway and crashed in Lehigh County on June 29, 1954.

In defendant's answer under "New Matter", it is averred that plaintiff and defendant were at the time of the accident president and vice president, respectively, of P. M. A. Dolls, Inc., a New York corporation, that they were en route from Hazleton to Philadelphia on business of the company, that as such employes they were covered by New York Workmen's Compensation Law, which provided that the remedy under that act was exclusive in case of injury due to the negligence or wrong of another employe in the same employ: Cons. Laws of New York, chap. 67, sec. 29, subdiv. 6, Workmen's Compensation Law, §29(6).

Plaintiff replied, admitting the relationship of the parties to the New York corporation, but denying that the fateful trip was in the furtherance of the company's business.

The case is now at issue on the question of defendant's negligence and on that of the application of the New York Workmen's Compensation Law to the capacity to sue in Pennsylvania.

The second question is one of fact and of law. The fact in dispute is whether the parties were engaged upon the business of the mutual employer at the time of the accident; that of law, whether, if they were so engaged, the Commonwealth of Pennsylvania will deny plaintiff the capacity to sue defendant because of a provision of the New York law.

The case now comes before the court on an application of defendant to sever the issue of defendant's negligence from that of plaintiff's capacity to sue and to try the latter first and independently of the other.

Defendant cites as authority for this unprecedented procedure, Pennsylvania Rule of Civil Procedure 213(b) which reads as follows:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues."

Defendant concedes that he can find no precedent in Pennsylvania for any such action, but he cites several Federal court cases where it was permitted under Federal Rule 42(*b*), which for all practical purposes is identical with Pennsylvania Rule of Civil Procedure 213(*b*).

He further argues most cogently that there is no real relation between the issue of negligence and that of the capacity to sue, that the witnesses will in the main be entirely different, that if defendant is successful in that issue, the court will save the time of hearing negligence and medical testimony, and that the jury will not be confused.

Granting that Pa. R. C. P. 213(*b*) is capable of the interpretation defendant would have us place upon it, we hesitate to rule that it was intended to overrule a policy of such long standing that defendant has been unable to find a single instance of variation.

It must be remembered that the new rules permit new freedom in the joinder of parties, causes of action, and issues. We doubt that Pennsylvania courts will follow the Federal courts in calling subsidiary facts a "separate issue" within the use of that term in rule 213(*b*).

Our two main reasons for refusing separate trials, however, are (1) the time element saved in a single trial offsets the simplicity of separate trials, and (2) our doubt of defendant's right to deny plaintiff's capacity to sue.

While our court is up to date in its calendar, there is always a lapse of three months between terms of civil court. Furthermore, as pointed out in plaintiff's brief, if either party is dissatisfied with the verdict upon the facts determining plaintiff's capacity to sue, there might be a delay of several terms before the liability of defendant to suit in Pennsylvania could be determined. It is better to risk the waste of a day or two today in the trial of both issues than to have an almost certain delay of three to nine months through separate trials of the several issues.

Plaintiff makes the second point that trial of the issue of the parties' relation to each other and to their employer at the time of the accident may not be conclusive of plaintiff's capacity to sue.

Here again we have no sure guide in Pennsylvania law, but if the A. L. I. Restatement of the Law of Conflict of Laws is to be adopted in Pennsylvania, plaintiff would not be debarred from suing in Pennsylvania on the basis of being subject to the strictness of the New York Workmen's Compensation Law, despite its clear provision that: "The right to compensation . . . shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ": Workmen's Compensation Law, §29 (6) supra.

Section 401 of the A. L. I. Restatement of the Law of Conflict of Laws provides as follows:

"If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act . . . of the place of wrong, no action can be maintained for such tort or wrongful death in any state."

Since, therefore, there is no provision in the Workmen's Compensation Laws of Pennsylvania, "the place

of wrong", forbidding actions against a third person, plaintiff would seem to have the same rights as anyone else injured in Pennsylvania against any tortfeasor excepting his employer.

That this freedom to sue is deliberate and not subject to any inferential hidden meaning is indicated by the fact that the present section is an amendment of an original section 401 which contained the words "of the place where the contract of employment was made, or" after the word "act" in addition to the present wording.

If the present section 401 is adopted as the law in Pennsylvania, and Pennsylvania courts have shown alacrity in adopting the restatement, then it will be clear that our courts are adopting a public policy that would not debar suit by the employe of a New York employer against his fellow employe.

The Federal cases of Pacific Employers Insurance Company v. Industrial Accident Comm'n et al., 306 U. S. 493, 503, and Watson et ux. v. Employers Liability Assurance Corp., L. T. D. et al. 348 U. S. 66, would indicate that adoption of such a public policy would not be disturbed by the United States Supreme Court as violative of the full faith and credit clause of the Federal Constitution.

The case of Magee v. McNany, 10 F. R. D. 5, 12, treats with another phase of New York Workmen's Compensation Law, but the same principle would rule this case against defendant.

We are not now deciding the point, although Carroll v. Lanza, 349 U. S. 408, seems most decisive. We raise it merely to indicate that a verdict adverse to plaintiff on the issue of his capacity to sue would be appealable and would delay trial on the merits of his claim for a long time. In our opinion this consideration outweighs any arguments for the *convenience* of separate trials of the issues.

Now, December 5, 1955, the motion for a severance and separate trial of the issues of negligence and of the capacity to sue is denied and either party may order the case upon any trial list.