Opinion
 

 EMERSON, J.*
 

 —Defendants-appellants University of Nevada and the State of Nevada appeal from a judgment in the amount of $1,150,000 entered against them in an action brought by respondents for damages for personal injuries. The injuries resulted from a collision between a vehicle occupied by respondents and one driven by Helmut Bohm. It is conceded that, at the time of the accident, Bohm was an employee of the university, a governmental arm of Nevada, and was engaged in official university business. The fact of his agency was not disputed at trial. The accident occurred in California.
 

 Prior to the trial of the case, appellants moved to quash service of summons on the ground that, under the doctrine of sovereign immunity, Nevada was not subject to suit in California. That motion was granted. Respondents appealed from the order and in
 
 Hall
 
 v.
 
 University of Nevada
 
 (1972) 8 Cal.3d 522 [105 Cal.Rptr. 355, 503 P.2d 1363], the California Supreme Court reversed, unanimously holding that appellants were not immune from suit in California for the driving of their agent within the scope of his employment or for the permissive use of their car within this state.
 
 (Id.,
 
 at p. 526.) Nevada’s petition for writ of certiorari to
 
 *283
 
 the United States Supreme Court was denied. (414 U.S. 820 [38 L.Ed.2d 52, 94 S.Ct. 114].)
 

 The
 
 Hall
 
 decision notwithstanding, immediately prior to the trial of this case, appellants moved for an order limiting damages to $25,000 per person pursuant to Nevada Revised Statutes section 41.035. That statute, hereafter referred to as NRS 41.035, is part of the legislation by which Nevada has waived its immunity from suit. The waiver, as pertinent herein, is found in the following statutes:
 

 Nevada Revised Statutes section 41.031 provides that “The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil action against individuals and corporations....”
 

 NRS 41.035 states in relevant part: “No award for damages in an action sounding in tort brought under NRS 41.031 may exceed the sum of $25,000 ... to or for the benefit of any claimant.” The combined thrust of these statutes is that Nevada has chosen to waive its sovereign immunity, but to limit such waiver to $25,000 per claimant. (See
 
 State
 
 v.
 
 Silva
 
 (1971) 86 Nev. 911 [478 P.2d 591, 44 A.L.R.3d 891].)
 

 Appellants’ motion to limit damages was denied by the trial court. The correctness of this ruling is the sole issue on appeal.
 

 Nevada devotes much of its brief to the reargument of
 
 Hall
 
 v.
 
 University of Nevada, supra,
 
 still contending that it cannot be sued in any court without its consent. Such an argument before this court is futile. We are bound by the Supreme Court’s ruling that Nevada is not immune from suit.
 
 (Auto Equity Sales, Inc.
 
 v.
 
 Superior Court
 
 (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
 

 Appellants’ next contention is that, if Nevada is held to be liable in California, that liability must be subject to the $25,000 limit imposed by NRS 41.035. That argument is based on the assumption that, in
 
 Hall
 
 v.
 
 University of Nevada, supra,
 
 the Supreme Court held that Nevada was subject to suit in this state because it had waived its sovereign immunity, It is argued, in effect, that if California accepts the waiver, it must accept the limitation.
 

 
 *284
 
 This premise misconceives the point of
 
 Hall.
 
 The Supreme Court did not hold that Nevada had waived sovereign immunity or had given its implied consent to be sued in California. It held simply that Nevada’s sovereign protection does not extend beyond its own borders: “We have concluded that sister states who engage in activities within California are subject to our laws with respect to those activities and are subject to suit in California courts with respect to those activities. When the sister state enters into activities in this state, it is not exercising sovereign power over the citizens of this state and is not entitled to the benefits of the sovereign immunity doctrine as to those activities unless this state has conferred immunity by law or as a matter of comity.” (8 Cal.3d at p. 524.) The court reviewed developments in the law of sovereign immunity in a foreign jurisdiction and concluded that recent cases “reflect that state sovereignty ends at the state boundary.”
 
 (Id.,
 
 at p. 525.) After holding that the state and University of Nevada were not immune from suit in California, the court noted that this conclusion “makes it unnecessary to consider plaintiffs’ further contention that the State of Nevada has consented by statute to suit in California.”
 
 (Id.,
 
 at p. 526.)
 

 That the limitation imposed by NRS 41.035 is totally inapplicable to this case is made clear by footnote 4 of
 
 Hall
 
 v.
 
 University of Nevada, supra,
 
 stating: “Plaintiffs urge that Nevada has abrogated sovereign immunity by statute. The state and the university claim that the waiver of immunity was a limited one and that the statutory provisions abrogating immunity should be interpreted as permitting action in the courts of Nevada only.
 
 Since we conclude that Nevada does not have immunity from liability for its activities in California, the extent to which Nevada has waived immunity by statute and the extent, if any, to which it can or has limited the statutory waiver is immaterial.
 
 Even if we assume that Nevada limited its statutory waiver of immunity to actions in its courts, such limitation would not be applicable to the instant case involving activities in California because the sovereignty of one state does not extend into the territoiy of another.”
 
 (Hall, supra,
 
 at p. 526, italics added.)
 

 Nevada also attempts to argue that application of NRS 41.035 to the present case is required by the full faith and credit clause of the United States Constitution. The contention is without merit. It is well settled that the purpose of the full faith and credit clause was not to give the statutes of one state extraterritorial force in another. (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 16, p. 3260.) The United States Supreme Court has long since established that a
 
 *285
 
 forum state may refuse to apply a sister state’s statutes where such enforcement would be contrary to its own public policy.
 
 (Bradford Elec. Co.
 
 v.
 
 Clapper
 
 (1932) 286 U.S. 145, 160 [76 L.Ed. 1026, 1035-1036, 52 S.Ct. 571, 82 A.L.R. 696];
 
 Pacific Ins. Co.
 
 v.
 
 Comm’n.
 
 (1939) 306 U.S. 493, 501-502 [83 L.Ed. 940, 944-945, 59 S.Ct. 629].) Nevada must therefore rely on its final argument, namely that California’s own conflict of laws rules require application of NRS 41.035 in the instant case.
 

 The case of
 
 Bernhard
 
 v.
 
 Harrah’s Club
 
 (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719] (cert. den. 429 U.S. 859 [50 L.Ed.2d 136, 97 S.Ct. 159]), presents both the latest definitive statement of California’s choice of law rules regarding tort actions and a fact situation extremely close to the one at bench. In
 
 Bernhard,
 
 plaintiff, a California resident, was struck on a highway in this state by an automobile driven by another California resident who had allegedly been furnished alcoholic beverages in defendant’s Nevada establishment after becoming obviously intoxicated. Plaintiff sought application of California law imposing civil liability upon tavern keepers who furnish liquor to obviously intoxicated persons (Bus. & Prof. Code, § 25602;
 
 Vesely
 
 v.
 
 Sager
 
 (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]), while defendant demurred on the ground that Nevada law, precluding such liability, was applicable.
 

 The Supreme Court, noting that it faced a “true conflicts” case, applied the “comparative impairment” test which seeks to determine which state’s policy would be more impaired if the other state’s law were adopted. .
 
 (Bernhard, supra,
 
 at p. 320.) The court pointed out that California’s policy interest would be very significantly impaired if it could not extend its regulation to defendant who, soliciting the patronage of California residents, and knowing and expecting those residents to use California’s public highways, could nevertheless, with impunity, violate California’s prohibition against selling alcoholic beverages to intoxicated persons.
 
 (Id.,
 
 at pp. 322-323.) The court thus held “that California has an important and abiding interest in applying its rule of decision to the case at bench, that the policy of this state would be more significantly impaired if such rule were not applied and that the trial court erred in not applying California law.”
 
 (Id.,
 
 at p. 323.)
 

 In the instant case Nevada advances as its policy, the fact that if its liability were not limited, its residents would suffer financially, due to the increased cost of insurance for Nevada vehicles being operated outside the state. California’s policy interest lies in providing full protection to
 
 *286
 
 those who are injured on its highways through the negligence of both residents and nonresidents.
 

 We consider the policy reasons for applying California law herein to be even stronger than those found in
 
 Bernhard.
 
 In
 
 Bernhard,
 
 defendant’s culpable conduct occurred entirely within Nevada’s own borders, yet the Supreme Court found that merely by soliciting customers from California, knowing and expecting such customers to use California’s highways, defendant had “put itself at the heart of California’s regulatory interest . . . .” (16 Cal.3d at p. 322.) Here, the State of Nevada’s activities and respondents’ resulting injuries, took place within California. By thus utilizing the public highways within our state to conduct its business, Nevada should fully expect to be held accountable under California’s laws.
 

 The imposition of unlimited liability upon Nevada involves at most an increased economic exposure which, at least for businesses which actively solicit extensive California patronage, is a foreseeable and coverable business expense. (See
 
 Bernhard, supra,
 
 16 Cal.3d at p. 323.) Given the fact that Nevada has chosen to engage in governmental and business activity in this state, the necessaiy acquisition of additional insurance coverage to protect itself during such activity is an entirely foreseeable and reasonable expense.
 

 For all the reasons heretofore stated, we conclude that the refusal of the trial court to apply NRS 41.035 was proper.
 

 The judgment is affirmed.
 

 Rattigan, Acting P. J., and Christian, J., concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied December 22, 1977.