GASQUET *v.* FENNER, TESTAMENTARY EXEC-
UTOR, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 261. Argued April 24, 1918.—Decided May 6, 1918.

When the laws of a State provide that final settlement of an estate in the probate court on behalf of a person under interdiction can only be had upon proceedings there setting aside the interdiction or appointing a curator, a decree of a court of another State purporting to establish his sanity notwithstanding such interdiction will not, by virtue of the full faith and credit clause of the Constitution, operate upon the interdiction directly but, at most, would be conclusive in such probate proceedings.

In such case the District Court, sitting in the State where the estate is being administered, can not dispense with such proceedings in the local probate court and require a settlement from the executors.

235 Fed. Rep. 997, affirmed.

THE case is stated in the opinion.

*Mr. William Winans Wall* and *Mr. G. T. Fitzhugh,* with whom *Mr. J. C. Gilmore* and *Mr. Thos. Gilmore* were on the briefs, for appellant.

*Mr. George Denegre,* with whom *Mr. Victor Leovy* and *Mr. Henry H. Chaffe* were on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the appellant, alleging himself to be a citizen of Tennessee, to require the principal appellee, the executor under his mother's will, appointed and qualified in Louisiana, to pay over to him one-third of his mother's estate—that being the proportion to which

he is admitted to be ultimately entitled. The defendants allege that the appellant is a citizen of Louisiana and pronounced incapable of taking care of his person and administering his estate, by a judgment of interdiction of the Louisiana Courts. They say that the estate has not yet been fully administered as no final account has been filed and that until the interdiction is set aside an account can be rendered and possession of the appellant's share delivered only to a curator; but that appointment of a curator has been delayed by the appellant's having taken a writ of error from this Court to the Supreme Court of the State in respect of its interdiction decree. 136 Louisiana, 957. Dismissed, 242 U. S. 367.

Pending an application to the Supreme Court of the State for a rehearing, Gasquet, who was in custody, obtained his release on habeas corpus from a lower court, afterwards declared by the Supreme Court to have been without jurisdiction, and on July 28, 1914, established himself in Tennessee. On February 20, 1915, he filed a petition in the Probate Court of Shelby County, Tennessee, for an inquiry whether he was a lunatic, upon the same day obtained a verdict declaring him of sound mind and on February 23 a decree to this same effect, which also declared him entitled to settlement from all persons having control of any part of his estate "any disability . . . . by reason of the proceedings against him hereinbefore mentioned [i. e. the Louisiana interdict] being hereby removed." Armed with this Gasquet brought the bill in the present case and contends that due faith and credit were denied to the Tennessee decree when the bill was dismissed, as it was. 235 Fed. Rep. 997.

Ordinarily, at least, a decree *in rem* is conclusive as to the facts that it establishes only as against parties entitled to be heard. *The Mary,* 9 Cranch, 126, 146. *Tilt* v. *Kelsey,* 207 U. S. 43, 52. *Manson* v. *Williams,* 213 U. S. 453. It may be argued that if the defendant was entitled to be

heard he was entitled to notice of some kind, which of course he did not receive in a proceeding that was tried on the day when it was begun, and that if he was not entitled to be heard he is not bound outside the limits of Tennessee. But we are not called upon to consider whether this and other arguments are sound that would need consideration before the plaintiff could prevail in this case, because in our opinion the decree was right for the reason given by the district judge. It may be called a matter of form rather than of substance; upon that we are not curious to inquire. It is enough that the reason seems to us sufficient. Article 420 of the Civil Code of Louisiana provides that a "person interdicted cannot resume the exercise of his rights, until after the definitive judgment by which the repeal of the interdiction is pronounced;" and article 421, that "interdiction can only be revoked by the same solemnities which were observed in pronouncing it." Whatever may be the conclusiveness of the Tennessee decree it cannot operate upon the interdiction directly. At most it can only furnish ground for a conclusive right to have the interdiction removed. When the state laws, as a condition for the final settlement of a probate decree require either the revocation of the interdict or the appointment of a curator one or the other thing must be done. It is not enough for the party to show that he has a right to have one of them done.

It is said that the appellant may have his right determined by the Court of the United States, under the decision in *Waterman* v. *Canal-Louisiana Bank & Trust Co.*, 215 U. S. 33. But the short answer is that all that could be determined in the District Court is admitted and never has been in dispute. The only obstacle in the way of giving the plaintiff his share is the obstacle in the way of a final account and settlement, which must take place in the Probate Court. By the law of Louisiana they cannot be had until either a curator is appointed or the in-

terdiction removed. Assuming that the plaintiff has every other right that he says, he cannot pursue his rights across country but must proceed along the road that Louisiana law provides.

*Decree affirmed.*

THE CHIEF JUSTICE took no part in the decision of this case.