## PACIFIC EMPLOYERS INSURANCE CO. *v.* INDUSTRIAL ACCIDENT COMM'N ET AL.

No. 158. Argued December 12, 1938.—Decided March 27, 1939.

*Mr. W. N. Mullen,* with whom *Mr. George C. Faulkner* was on the brief, for petitioner.

496

*Mr. Frank J. Creede* for Kenneth Tator, respondent.
*Mr. Everett A. Corten* for the Industrial Accident Commission of California, respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The question is whether the full faith and credit which the Constitution requires to be given to a Massachusetts workmen's compensation statute precludes California from applying its own workmen's compensation act in the case of an injury suffered by a Massachusetts employee of a Massachusetts employer while in California in the course of his employment.

Petitioner, an insurance carrier, under the California Workmen's Compensation, Insurance and Safety Act, for the Pacific Coast branch of the employer, Dewey & Almy Chemical Company, a Massachusetts corporation, filed its petition in the California District Court of Appeal to set aside an award of compensation to an employee by the California Industrial Accident Commission. The grounds of the petition were, among others, that the employee, because he was regularly employed at the head office of the corporation in Massachusetts and was temporarily in California on the business of the employer when injured there, was subject to the workmen's compensation law of Massachusetts, and that the California Commission, in applying the California Act and in refusing to recognize the Massachusetts statute as a defense, had denied to the latter the full faith and credit to which it was entitled under Article IV, § 1 of the Constitution. The order of the District Court of Appeal denying the petition was affirmed by the Supreme Court of California. 10 Cal. 2d 567; 75 P. 2d 1058. We granted certiorari, 305 U. S. 563, the question presented being of public importance.

The injured employee, a resident of Massachusetts, was regularly employed there under written contract in the laboratories of the Dewey & Almy Chemical Company as a chemical engineer and research chemist. In

September, 1935, in the usual course of his employment he was sent by his employer to its branch factory in California, to act temporarily as technical adviser in the effort to improve the quality of one of the employer's products manufactured there. Upon completion of the assignment he expected to return to the employer's Massachusetts place of business, and while in California he remained subject to the general direction and control of the employer's Massachusetts office, from which his compensation was paid.

He instituted the present proceeding before the California Commission for the award of compensation under the California Act for injuries received in the course of his employment in that state, naming petitioner as insurance carrier under that Act; the Hartford Accident & Indemnity Company, as insurer under the Massachusetts Act, was made a party. The California Commission directed petitioner to pay the compensation prescribed by the California Act, including the amounts of lien claims filed in the proceeding for medical, hospital and nursing services and certain further amounts necessary for such services in the future.

By the applicable Massachusetts statute, §§ 24, 26, c. 152, Mass. Gen. Laws (Ter. Ed. 1932), an employee of a person insured under the Act, as was the employer in this case, is deemed to waive his "right of action at common law or under the law of any other jurisdiction" to recover for personal injuries unless he shall have given appropriate notice to the employer in writing that he elects to retain such rights. Section 26 directs that without the notice his right to recover be restricted to the compensation provided by the Act for injuries received in the course of his employment, "whether within or without the commonwealth." See *McLaughlin's Case*, 274 Mass. 217; 174 N. E. 338; *Migues' Case*, 281 Mass. 373; 183 N. E. 847.

Article XX, § 21 of the California Constitution vests the legislature with plenary power "to create and enforce a complete system of workmen's compensation," including "adequate provisions for the comfort, health and safety and general welfare" of employees injured in the course of their employment, and their dependents, and to make "full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury." Sections 6, 9 and 29 of the California Workmen's Compensation, Insurance and Safety Act, Cal. Gen. Laws (Deering 1931) Act 4749, provide for compensation from insurance procured by the employer, in prescribed amounts, for injuries received by his employees in the course of their employment without regard to negligence and for the costs of medical attendance occasioned by the injuries. Section 27 (a) provides that "No contract, rule, or regulation shall exempt the employer from liability for the compensation fixed by this act." And § 58 provides that the commission shall have jurisdiction over claims for compensation for injuries suffered outside the state when the employee's contract of hire was entered into within the state. See *Quong Ham Wah Co.* v. *Industrial Accident Comm'n,* 184 Cal. 26; 192 P. 1021. Both statutes are compensation acts, substituted for the common law remedy for negligence. The California Act is compulsory. § 6 (a). The Massachusetts Act is similarly effective unless the employee gives notice not to be bound by it, which in this case he did not do. § 24.

Petitioner, which as insurance carrier has assumed the liability of the employer under the California Act, relies on the provisions of the Massachusetts Act that the compensation shall be that prescribed for injuries suffered in the course of the employment, whether within or without the state. It insists that since the contract of employment was entered into in Massachusetts and the

employee consented to be bound by the Massachusetts Act, that, and not the California statute, fixes the employee's right to compensation whether the injuries were received within or without the state, and that the Massachusetts statute is constitutionally entitled to full faith and credit in the courts of California.

We may assume that these provisions are controlling upon the parties in Massachusetts, and that since they are applicable to a Massachusetts contract of employment between a Massachusetts employer and employee, they do not infringe due process. *Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 156, *et seq.* Similarly the constitutionality of the provisions of the California statute awarding compensation for injuries to an employee occurring within its borders, and for injuries as well occurring elsewhere, when the contract of employment was entered into within the state, is not open to question. *Alaska Packers Assn.* v. *Industrial Accident Comm'n,* 294 U. S. 532; *New York Central R. Co.* v. *White,* 243 U. S. 188; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219.

While in the circumstances now presented, either state, if its system for administering workmen's compensation permitted, would be free to adopt and enforce the remedy provided by the statute of the other, here each has provided for itself an exclusive remedy for a liability which it was constitutionally authorized to impose. But neither is bound, apart from the compulsion of the full faith and credit clause, to enforce the laws of the other, *Milwaukee County* v. *White Co.,* 296 U. S. 268, 272; and the law of neither can by its own force determine the choice of law to be applied in the other. Cf. *Ohio* v. *Chattanooga Boiler & Tank Co.,* 289 U. S. 439. Petitioner, pointing to the conflict between the provisions of the two statutes, insists that the full faith and credit clause requires recognition of the Massachusetts statute as providing the ex-

clusive remedy and as a defense to any proceeding for the award of compensation under the California Act. The Supreme Court of California has recognized the conflict and resolved it by holding that the full faith and credit clause does not deny to the courts of California the right to apply its own statute awarding compensation for an injury suffered by an employee within the state.

To the extent that California is required to give full faith and credit to the conflicting Massachusetts statute it must be denied the right to apply in its own courts its own statute, constitutionally enacted in pursuance of its policy to provide compensation for employees injured in their employment within the state. It must withhold the remedy given by its own statute to its residents by way of compensation for medical, hospital and nursing services rendered to the injured employee, and it must remit him to Massachusetts to secure the administrative remedy which that state has provided. We cannot say that the full faith and credit clause goes so far.

While the purpose of that provision was to preserve rights acquired or confirmed under the public acts and judicial proceedings of one state by requiring recognition of their validity in other states, the very nature of the federal union of states, to which are reserved some of the attributes of sovereignty, precludes resort to the full faith and credit clause as the means for compelling a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate. As was pointed out in *Alaska Packers Assn.* v. *Industrial Accident Comm'n, supra,* 547: "A rigid and literal enforcement of the full faith and credit clause, without regard to the statute of the forum, would lead to the absurd result that, wherever the conflict arises, the statute of each state must be enforced in the courts of the other, but cannot be in its own." And in cases like the present it would create an impasse which

would often leave the employee remediless. Full faith and credit would deny to California the right to apply its own remedy, and its administrative machinery may well not be adapted to giving the remedy afforded by Massachusetts. Similarly, the full faith and credit demanded for the California Act would deny to Massachusetts the right to apply its own remedy, and its Department of Industrial Accidents may well be without statutory authority to afford the remedy provided by the California statute.

It has often been recognized by this Court that there are some limitations upon the extent to which a state may be required by the full faith and credit clause to enforce even the judgment of another state in contravention of its own statutes or policy. See *Wisconsin* v. *Pelican Insurance Co.*, 127 U. S. 265; *Huntington* v. *Attrill*, 146 U. S. 657; *Finney* v. *Guy*, 189 U. S. 335; *Milwaukee County* v. *White Co.*, *supra*, 273 *et seq.*; see also *Clarke* v. *Clarke*, 178 U. S. 186; *Olmsted* v. *Olmsted*, 216 U. S. 386; *Hood* v. *McGehee*, 237 U. S. 611; cf. *Gasquet* v. *Fenner*, 247 U. S. 16. And in the case of statutes, the extrastate effect of which Congress has not prescribed, as it may under the constitutional provision, we think the conclusion is unavoidable that the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though that statute is of controlling force in the courts of the state of its enactment with respect to the same persons and events.

This Court must determine for itself how far the full faith and credit clause compels the qualification or denial of rights asserted under the laws of one state, that of the forum, by the statute of another state. See *Alaska Packers Assn.* v. *Industrial Accident Comm'n*, *supra*, 547. But there would seem to be little room for the exercise of that function when the statute of the forum is the

expression of domestic policy, in terms declared to be exclusive in its application to persons and events within the state. Although Massachusetts has an interest in safeguarding the compensation of Massachusetts employees while temporarily abroad in the course of their employment, and may adopt that policy for itself, that could hardly be thought to support an application of the full faith and credit clause which would override the constitutional authority of another state to legislate for the bodily safety and economic protection of employees injured within it. Few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power. Considerations of less weight led to the conclusion, in *Alaska Packers Assn.* v. *Industrial Accident Comm'n, supra,* that the full faith and credit clause did not require California to give effect to the Alaska Compensation Act in preference to its own. There this Court sustained the award by California of the compensation provided by its own statute for employees where the contract of employment was made within the state, although the injury occurred in Alaska, whose statute also provided compensation for the injury. Decision was rested explicitly upon the grounds that the full faith and credit exacted for the statute of one state does not necessarily preclude another state from enforcing in its own courts its own conflicting statute having no extra-territorial operation forbidden by the Fourteenth Amendment, and that no persuasive reason was shown for denying that right.

*Bradford Electric Light Co.* v. *Clapper, supra,* on which petitioner relies, fully recognized this limitation on the full faith and credit clause. It was there held that a federal court in New Hampshire, in a suit brought against a Vermont employer by his Vermont employee to recover for an injury suffered in the course of his employment while temporarily in New Hampshire, was bound to apply

the Vermont Compensation Act rather than the provision of the New Hampshire Compensation Act which permitted the employee, at his election, to enforce his common law remedy. But the Court was careful to point out that there was nothing in the New Hampshire statute, the decisions of its courts, or in the circumstances of the case, to suggest that reliance on the provisions of the Vermont statute, as a defense to the New Hampshire suit, was obnoxious to the policy of New Hampshire. The *Clapper* case cannot be said to have decided more than that a state statute applicable to employer and employee within the state, which by its terms provides compensation for the employee if he is injured in the course of his employment while temporarily in another state, will be given full faith and credit in the latter when not obnoxious to its policy. See *Bradford Electric Light Co.* v. *Clapper, supra,* 161.

Here, California legislation not only conflicts with that of Massachusetts providing compensation for the Massachusetts employee if injured within the state of California, but it expressly provides, for the guidance of its own commission and courts, that "No contract, rule or regulation shall exempt the employer from liability for the compensation fixed by this Act." The Supreme Court of California has declared in its opinion in this case that it is the policy of the state, as expressed in its Constitution and Compensation Act, to apply its own provisions for compensation, to the exclusion of all others, and that "It would be obnoxious to that policy to deny persons who have been injured in this state the right to apply for compensation when to do so might require physicians and hospitals to go to another state to collect charges for medical care and treatment given to such persons."

Full faith and credit does not here enable one state to legislate for the other or to project its laws across state

lines so as to preclude the other from prescribing for itself the legal consequences of acts within it.

*Affirmed.*

MR. JUSTICE FRANKFURTER took no part in the consideration or decision of this case.