### HYNES v. INDIAN TRAILS, Inc.
#### No. 10068.

United States Court of Appeals,
Seventh Circuit.
April 24, 1950.

Augustine J. Bowe, William J. Bowe, John D. Casey, Chicago, Ill., A. C. Linenthal, Chicago, Ill., for plaintiff.

Edward B. Casey, Chicago, Ill., Thomas C. Angerstein, George W. Angerstein, Chicago, Ill., Frank J. Mackey, Jr., Chicago, Ill., and Dempsey, Mills & Casey, Chicago, Ill., of counsel, for defendant.

Before KERNER, FINNEGAN and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment for plaintiff in a tort action brought by an employee

of the Chicago Surface Lines who was injured in a collision in the city of Chicago between a streetcar operated by him and a motorbus used in the business of defendant.

While defendant asserted error as to the sufficiency of the evidence to support the verdict, the excessive amount of the damages allowed, and the giving of certain alleged erroneous instructions, it has argued none of these points, and upon oral argument, its counsel stated that only one question was involved, that is whether § 29 of the Illinois Workmen's Compensation Act furnished a bar to this action, rendering plaintiff without legal capacity to maintain it. This section provides, Smith-Hurd Ann. St.Ch. 48, § 166: "Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee * * * to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee."

The facts may be briefly stated. Defendant is a Michigan corporation having its principal office in Owosso, Michigan. It also maintains an office in Chicago. It is engaged in the business of operating motorbuses from various places in the states of Michigan, Indiana and Illinois. It has on file with the Industrial Commission of Illinois a certificate of insurance showing its compliance with the provisions of the Illinois Workmen's Compensation Act, Smith-Hurd Stats. c. 48, § 138 et seq., and stating that its operations cover its automobile, bus, livery or taxicab companies, garage employees and all other employees including chauffeurs and their helpers, and clerical office employees.

Among other routes defendant operated a regular scheduled trip from Owosso to Chicago, and the accident from which this cause of action arose occurred when a bus operated on that route ·by one Buckley collided with a streetcar operated by plaintiff about midnight, November 18, 1946, at the intersection of 31st Street and South Parkway in Chicago. There was substantial, though disputed evidence that Buckley drove the bus into the intersection when the automatic traffic signal installed at that intersection exhibited the red or stop signal, and thereby caused the collision with the streetcar which was proceeding on the green light.

Defendant admitted that Buckley was a resident of Michigan and had been hired there, hence that it was operating under the provisions of the Michigan Workmen's Compensation Act, Comp.Laws 1948, § 411.-1 et seq., with respect to him, and that the Michigan Act is extra-territorial in that it covers injuries sustained outside the state of Michigan by employees in cases where the contract of hire was made in Michigan. But it contends that it was bound by the Illinois Act on the two-fold ground that its operations in Illinois were classified under the Illinois Act as extra-hazardous and it therefore became automatically subject thereto, and also that it elected to be bound, under the provisions of § 1 of the Act, Smith-Hurd Ann.St. Ch. 48, § 138. Hence it contends that it was bound by the Act as to all phases of its operations in Illinois and was therefore entitled to the defense provided by § 29 of the Act. Plaintiff contends, on the contrary, that the fact that defendant was operating under the Michigan Act with respect to the employee involved in the accident out of which the cause of action arose rendered the Illinois Act inapplicable under the circumstances of this case—in other words, that it is not enough, to render the defense of the Act effective, that the defendant had other employees at the time as to whom it was bound by the Act, it must also be bound as to the particular employee involved in the accident.

Illinois cases generally recognize that an employer may be bound by the Illinois Act as to some employees and some

parts of its business and not bound as to others. Cole v. Industrial Commission, 353 Ill. 415, 187 N.E. 520, 90 A.L.R. 116; Goldsmith v. Payne, 300 Ill. 119, 133 N.E. 52, and cases there cited; Victor v. Dehmlow, 405 Ill. 249, 90 N.E.2d 724. See also Foster v. Denny Motor Transfer Co., 7 Cir., 100 F.2d 658. In the Cole case the court refused to allow an award under the Illinois Act for an injury which occurred in Illinois to an Indiana employee hired in Indiana by an Indiana employer which was covered under both the Indiana and Illinois Acts, just as the defendant here involved is covered under both the Michigan and Illinois Acts. In the Victor case, the court held that to enable two defendants sued for the death of the employee of another employer resulting from the negligent operation of a truck owned by one defendant and operated by the other, his minor son, to maintain their defense under § 29, it was necessary for the defendants to prove that an employer-employee relationship existed between them although the truck owner was admittedly bound by the Act because of the nature of his business.

Thus it appears that the relationship between the employer and the employee involved in the particular injury giving rise to the cause of action must be looked to in order to determine whether or not the employer is bound by the Illinois Act in the purview of § 29. And this principle, we think, furnishes the guide for our decision. In applying the principle, we consider the fact that Buckley was not joined as a defendant immaterial to the decision.

■ In its brief defendant admitted: "(1) the defendant's employee * * * Buckley * * * was hired in the State of Michigan and therefore that Buckley was not *bound* by the terms and provisions of the Workmen's Compensation Act of Illinois; (2) that defendant's operations in the State of Michigan, where Buckley was hired, were under and subject to the terms and provisions of the Workmen's Compensation Act of that State; and (3) the Mich-

igan Act is extra-territorial in that it covers injuries sustained outside the State of Michigan by employees in cases where the contract of hire was made in Michigan." Under the Illinois cases referred to, these facts render the Michigan Act applicable here as between defendant and its employee Buckley, and thereby render the Illinois Act inapplicable and unavailable as a defense to this defendant.

■ Defendant in its reply brief shifted the position indicated in its main brief as shown by the quotation above, to suggest that under the decisions of the United States Supreme Court rendered after the Cole case, had Buckley also been injured in the accident, he could have maintained an action under the Illinois Act rather than the Michigan Act, citing Alaska Packers Ass'n v. Industrial Accident Commission, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940, and Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413. We do not so construe those decisions. With respect to the issue here involved, the matter is well stated, 320 U.S. at page 437, 64 S.Ct. at page 212, in the Magnolia case, " * * * the state of the employer and employee is free to apply its own compensation law to the injury of the employee rather than the law of another state where the injury occurred. * * * And for like reasons we held also that the state of the place of injury is free to apply its own law to the exclusion of the law of the state of the employer and employee." This is not to say that either state is bound to apply either law, and, as we have noted, the Illinois courts have refused to apply their own law under circumstances where, considering the cases above, they were free to do so. See also Biddy v. Blue Bird Air Service, 374 Ill. 506, 30 N.E.2d 14; Miller v. Yellow Cab Co., 308 Ill.App. 217, 31 N.E.2d 406.

Judgment affirmed.