**LIBERTY MUT. INS. CO. et al. v.
GOODE CONST. CO.**

Civ. A. No. 496.

United States District Court
E. D. Virginia, Alexandria Division.

April 18, 1951.

Paul R. Connolly (Hogan & Hartson), Washington, D. C., F. Sheild McCandlish, (McCandlish & Pritchard), Fairfax, Va., for plaintiffs.

Frank L. Ball, Arlington, Va., E. Willard Hyde, Washington, D. C., for defendant.

BRYAN, District Judge.

Acceptance from the subcontractor of workmen's compensation under the law of the District of Columbia by Budano, an employee of the subcontractor, for an injury suffered while at work on a construction contract in Virginia does not, me judice, bar this action by him, his subrogee and assignee, to recover damages against the general contractor for the latter's negligence, alleged as the cause of the injury, notwithstanding that under the Virginia compensation law the action is not maintainable.

In the District of Columbia Budano resided, his employer resided and his contract of employment was made. The courts in Virginia, including the Federal tribunals, may treat the District of Columbia law, with its privilege of suing the general contractor, as a constituent of Budano's contract of employment. Bradford Electric

Light Co. v. Clapper, 286 U.S. 145, 52 S. Ct. 571, 76 L.Ed. 1026; Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044. To an accident happening within her boundaries Virginia has unhesitatingly given efficacy to the compensation law of the State of the injured's residence, even when materially at variance with her own law. Solomon v. Call, 159 Va. 625, 166 S.E. 467. Such an action does not offend Virginia's public policy. Hynes v. Indian Trails, 7 Cir., 181 F. 2d 668; Solomon v. Call, supra, 159 Va. 625, 166 S.E. 467, 469. Indeed, she projects her own compensation laws beyond her marches on the premise that Virginia is the residence of the employer and employee, as well as the locus contractus. Va.Code 65–58.

It is suggested that the Virginia compensation act, by its terms, became automatically and presumptively operative upon the happening of the injury, because Budano was working, and his misfortune befell him, in Virginia. If so, my conclusion is not altered. Compensation statutes are not mutually nullifying and exclusive; either may be embraced by the parties, in the absence of a positive assertion of jurisdiction by the State of the place of the accident. Bradford Electric Light Co. v. Clapper suggests that the apparent conflict between the consequences of the Virginia law and the law of the District of Columbia might readily be reconciled, by giving the force of her law to the Virginia employees and the shape of the District statute to those employees, including the plaintiff, residing and making their contracts there. 286 U.S. 145, 162, 52 S.Ct. 571, 76 L.Ed. 1026. But the conclusive answer is that Virginia has not undertaken to adjudicate Budano's compensation, none of the persons in interest having sought her aid, and his award, therefore, does not bear the impress of Sykes v. Stone & Webster Engineering Corp., 186 Va. 116, 41 S.E.2d 469, denying him a right of action against the general contractor. We are thereby saved, too, the further troublesome question as to which jurisdiction should make the adjudication. Cf. Pacific Employers Ins. Co. v. Industrial Accident Comm., 306 U.S. 493, 59 S.Ct. 629, 83 L.

Ed. 940; Bagnel v. Springfield Sand & Tile Co., 1 Cir., 144 F.2d 65.

The District of Columbia law is an adaptation of the Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq., D.C.Code 1940, §§ 36–501, 36–502, 33 U.S.C.A. § 901 note, and by analogy will be interpreted to render a general contractor suable as a "third person" by an employee of a subcontractor. Continental Casualty Co. v. Thorden Line, 4 Cir., 186 F.2d 992, 996. Hence, with the Virginia law inapplicable, I find no reason on the present state of the record to deny the plaintiff's right of action.

The burden of the defendant here is that in preparation for the performance of the construction contract in Virginia, it fully complied with the laws of that State relating to compensation for industrial accidents, securing, and by its contract requiring its subcontractor, Budano's employer, to secure, insurance for the payment of all such claims; and that consequently its liability should be restricted to the liability fixed by the compensation laws of Virginia.

The further contention of the defendant is that Liberty Mutual was the insurance carrier for the subcontractor both in the District of Columbia and in Virginia; that as insurer in Virginia it could not sue the defendant as general contractor; and that now to allow Liberty to hold the defendant for compensation paid Budano would be in violation of the contract between the defendant and its subcontractor, Liberty's assignor or subrogor, to pay all compensation claims of the subcontractor's employees arising in Virginia.

These complaints must be answered separately in respect to the claim of Liberty Mutual and the claim of Budano.

In regard to the claim on account of Budano, it must be observed that he made no contract of employment with the defendant, that his contract was with the subcontractor, that the terms of his contract did not foreclose his right against anyone save his employer, and that his agreement is not to be curtailed except by law or his consent and neither has done so.

As to the claim of Liberty Mutual, if the thesis of the defendant is sound then **it** may be effectuated through appropriate resistance, such as set-off, impleading of the subcontractor to obtain indemnity, or otherwise as the defendant deems advisable, to such part of any judgment as may be for the benefit of Liberty Mutual.

Accordingly the Court will deny the motion for summary judgment and will try the case on the issues of negligence and damage, and if a verdict is awarded to the plaintiffs, the Court before entering any judgment in favor of Liberty will hear and determine all remaining issues between the parties.

Counsel for the plaintiffs will present, after submission to the defendant's counsel for consideration as to form, an order denying the motion for summary judgment and putting the case on call for trial.