JACINDA BURTON, ADMINISTRATRIX OF THE ESTATE OF MICHAEL C. BURTON, PLAINTIFF v. PHOENIX FABRICATORS AND ERECTORS, INC. AND DAVIS, MARTIN, POWELL & ASSOCIATES, INC., DEFENDANTS

DONNA DAVIS, ADMINISTRATRIX OF THE ESTATE OF CHARLES M. DAVIS, PLAINTIFF v. PHOENIX FABRICATORS AND ERECTORS, INC. AND DAVIS, MARTIN, POWELL & ASSOCIATES, INC., DEFENDANTS

No. COA06-1195-2

(Filed 6 January 2009)

**Wrongful Death— election of workers' compensation benefits—Indiana Workers' Compensation Act**

Plaintiff wives of husbands killed in work-related accidents in North Carolina while employed in their employer's Indiana office were barred by the exclusive remedy provision of the Indiana Workers' Compensation Act from bringing an intentional tort action in North Carolina against the employer where they had accepted benefits for their husbands' deaths under the Indiana Workers' Compensation Act.

Appeal by defendant from orders entered 16 May 2006 by Judge W. Osmond Smith, III in Granville County Superior Court. This case was originally heard in the Court of Appeals 27 March 2007. Upon remand by order from the North Carolina Supreme Court filed 10 April 2008.

*Price, Smith, Hargett, Petho & Anderson, by William Benjamin Smith, for plaintiffs-appellees.*

*Carruthers & Roth, P.A., by Kenneth R. Keller, J. Patrick Haywood, and William J. McMahon, IV, for defendant-appellant Phoenix Fabricators and Erectors, Inc.*

BURTON v. PHOENIX FABRICATORS & ERECTORS, INC.

[194 N.C. App. 779 (2009)]

GEER, Judge.

Defendant Phoenix Fabricators and Erectors, Inc. ("Phoenix") appeals from the denial of its motions to dismiss the complaints of plaintiffs Jacinda Burton and Donna Davis pursuant to Rule 12(b)(1) of the Rules of Civil Procedure. Burton and Davis brought wrongful death actions alleging that the deaths of their husbands, who were employees of Phoenix's Indiana office, were the result of intentional tortious conduct while the husbands were working for Phoenix in North Carolina. The critical issue for this appeal is whether Indiana or North Carolina law applies. Under Indiana law, because Burton and Davis received workers' compensation benefits, they would be barred from bringing a civil action against their employer, Phoenix. Plaintiffs, however, contend that North Carolina law applies and allows them to proceed under *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

We agree with Phoenix that *Braxton v. Anco Elec., Inc.*, 330 N.C. 124, 409 S.E.2d 914 (1991), mandates that we apply Indiana law because plaintiffs' husbands were covered by Indiana's Workers' Compensation Act. Accordingly, we must hold that the trial court erred in denying Phoenix's motions to dismiss for lack of subject matter jurisdiction, and we reverse.

### Facts

Michael Burton and Charles Davis, plaintiffs' decedents, were killed on 30 October 2002 while helping construct a water tower on property owned by Granville County. Both men were employed by Phoenix, an Indiana corporation, worked out of the Indiana office, and were covered by Indiana workers' compensation.

Plaintiffs' complaint alleges that decedents were assigned to work on the exterior of the water tower at a height of over 80 feet above the ground without having any "fall arrest protection." The men were knocked from the structure and fell to their deaths after a crane, which was lifting a section of the water tower into place, failed, causing the section being lifted to strike the previously erected portion of the tower.

On or about 30 October 2002, Amerisure Insurance Company, the workers' compensation insurance carrier for Phoenix, filed "First Report of Employee Injury, Illness" forms for both decedents with the Workers' Compensation Board for the State of Indiana. One month later, Jacinda Burton signed an "Agreement to Compensation Be-

tween the Dependents of Deceased Employee and Employer." The record does not contain a similar document signed by Donna Davis. Thereafter, Amerisure commenced the payment of benefits to the Estates of Michael Burton and Charles Davis in accordance with the Indiana Worker's Compensation Act. As of 19 January 2006, Amerisure had paid $312,270.47 in medical expenses to the Estate of Charles Davis and $487.00 in medical expenses to the Estate of Michael Burton. Additionally, Amerisure has made weekly death benefit payments of $588.00 to both plaintiffs. As of 25 January 2006, Jacinda Burton had received $104,284.00 and Donna Davis had received $104,784.00 in death benefit payments. The death benefit payments will continue for a total of 500 weeks until each plaintiff has received $294,000.00.

On 10 June 2004, plaintiffs filed companion tort actions in Granville County Superior Court against three defendants: Phoenix; Granville County; and Davis, Martin, Powell & Associates, one of the project's contractors. Plaintiffs alleged that Phoenix "intentionally engaged in conduct with regard to lack of tie off protection which was substantially certain to cause injury or death and said conduct was intentional, gross, willful, wanton, and recklessly negligent." As for defendants Granville County and Davis, Martin, Powell & Associates, plaintiffs alleged negligence consisting of a failure to certify the safety of Phoenix's equipment and work practices and breach of a non-delegable duty of providing a safe work site.

All of the defendants filed motions for summary judgment. Subsequently, Phoenix also filed motions to dismiss plaintiffs' actions pursuant to Rule 12(b)(1), asserting that the trial court lacked subject matter jurisdiction. The trial court granted summary judgment for defendants Granville County and Davis, Martin, Powell & Associates, but denied Phoenix's motions for summary judgment and for dismissal.

Phoenix filed an appeal from the denial of its Rule 12(b)(1) motion that this Court dismissed as improperly interlocutory. *See Burton v. Phoenix Fabricators & Erectors, Inc.*, 185 N.C. App. 303, 648 S.E.2d 235 (2007). Our Supreme Court allowed Phoenix's petition for discretionary review of this decision for the sole purpose of reversing this Court's dismissal based on the Court's determination that the denial of Phoenix's motions affected a substantial right. The Supreme Court remanded for consideration of the merits of Phoenix's appeal. *Burton v. Phoenix Fabricators & Erectors, Inc.*, 362 N.C. 352, 661 S.E.2d 242 (2008).

## Discussion

When considering a motion to dismiss for lack of subject matter jurisdiction, a trial court is not limited to the pleadings, " 'but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing.' " *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (quoting 2 James W. Moore et al., *Moore's Federal Practice*, § 12.30(3) (3d ed. 1997)), *appeal dismissed*, 348 N.C. 284, 501 S.E.2d 913 (1998). On appeal from the denial of a motion to dismiss for lack of subject matter jurisdiction, this Court applies a de novo standard of review. *Id.* ("An appellate court's review of an order of the trial court denying or allowing a Rule 12(b)(1) motion is *de novo*, except to the extent the trial court resolves issues of fact and those findings are binding on the appellate court if supported by competent evidence in the record.").

Phoenix claims that plaintiffs, by electing to accept benefits under Indiana's Workers' Compensation Act, are barred from pursuing this action under the exclusive remedy provision of that Act. For that reason, Phoenix argues, North Carolina courts lack subject matter jurisdiction over these actions. *See McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 579, 364 S.E.2d 186, 188 (1988) ("The issue of whether plaintiff's claim is barred by the Workers' Compensation Act is a question of subject matter jurisdiction.").

Plaintiffs argue, however, that the rule of *lex loci* applies to their tort action. *See Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 854 (1988) ("For actions sounding in tort, the state where the injury occurred is considered the situs of the claim. . . . This Court has consistently adhered to the lex loci rule in tort actions."). According to plaintiffs, North Carolina law governs because it is the state where the injury occurred.

Our Supreme Court addressed an analogous situation in *Braxton*, 330 N.C. at 125, 409 S.E.2d at 914, in which a North Carolina resident, employed by a North Carolina plumbing subcontractor, was injured while working on a construction site in Virginia due to the alleged negligence of an electrical subcontractor. The plaintiff received benefits pursuant to North Carolina's workers' compensation statute and also filed suit in North Carolina against the electrical subcontractor, seeking punitive and compensatory damages. *Id.* at 125-26, 409 S.E.2d at 914-15. Under Virginia workers' compensation law, the action was barred, but under North Carolina law, it was not. *Id.* at 126, 409 S.E.2d at 915. The Supreme Court observed that the appeal

presented it with a "novel question of first impression" regarding which State's law to apply. *Id.*

The Court first acknowledged that the principal set out in *Boudreau* applied, and Virginia law governed "as to the tort law controlling the rights of the litigants in the lawsuit allowed by this decision . . . ." *Id.* at 126-27, 409 S.E.2d at 915. Nevertheless, the Court held that a different rule applied "in regard to the 'exclusive remedy bar' imposed by statute . . . ." *Id.* at 127, 409 S.E.2d at 915. The Court held: "To determine whether the law says that plaintiff, in return for collecting workers' compensation benefits, has traded away his right to sue in this situation, we look to the law which guarantees his receipt of those benefits, which is the law of North Carolina." *Id.*

In other words, the law of the state providing the workers' compensation benefits determines whether the workers' compensation statute of that state provides an exclusive remedy barring additional recovery through a tort action. The Court explained:

> Public policy considerations point to the same result. All the parties are North Carolina citizens; the plaintiff's contract of employment and the contracts giving rise to the workers' compensation coverage were signed here; and the plaintiff was receiving benefits under our workers' compensation statute. Under these circumstances, North Carolina's interests in implementing the protections afforded by our statute are paramount.

*Id.*, 409 S.E.2d at 916. As a result, even though the injury in *Braxton* occurred in Virginia, the Supreme Court held that "the workers' compensation law of North Carolina governs the question of whether this action has been precluded by statute . . . ." *Id.* at 129, 409 S.E.2d at 916.

We are bound by *Braxton*. In this case, there is no dispute that plaintiffs' husbands were covered by the Indiana Workers' Compensation Act and, indeed, plaintiffs have each received significant amounts in workers' compensation benefits as beneficiaries of the particular bargain that Indiana struck between employers and employees. Since the law of Indiana guarantees the deceased employees' receipt of workers' compensation benefits, *Braxton* requires that we look to the law of Indiana to determine whether plaintiffs' claims are precluded by Indiana's workers' compensation statutes.

Indiana's Workers' Compensation Act, similar to North Carolina's, contains an exclusive remedy provision that bars employees' actions

for accidental injury or death. *See* Ind. Code § 22-3-2-6 (2006). Indiana courts have, however, interpreted this exclusive remedy provision as preserving employees' rights to bring actions for *intentional* torts against their employers. *See Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1273 (Ind. 1994) ("[W]e hold that the [workers' compensation] act itself does not include employers' intentional torts within its coverage. The exclusivity provision is expressly limited to personal injury or death . . . which occurs 'by accident.' . . . [T]he intentional torts of an employer are necessarily beyond the pale of the act.").

Nevertheless, the Indiana Court of Appeals held in *Williams v. Delta Steel Corp.*, 695 N.E.2d 633, 635 (Ind. Ct. App.) (internal citations omitted), *transfer denied*, 706 N.E.2d 174 (Ind. 1998), that "an employee, by accepting and receiving compensation under the Act, concedes that the injury was accidental in nature . . . . Thus, the employee is precluded from repudiating that position by claiming that his injury was not accidental but was instead caused by the employer's intentional acts." The court observed that the Workers' Compensation Act allows an employee to recover both compensation benefits and tort damages "only in situations in which the action at law is brought against a third person. In all other cases, an employee may recover at law, if such an action is maintainable, or under the Act, but he may not recover under both." *Id.* at 636 (internal citation omitted). The court, therefore, affirmed the trial court's order dismissing the action for lack of subject matter jurisdiction. *Id.* at 637. *See also Bailor v. Salvation Army*, 854 F. Supp. 1341, 1355 (N.D. Ind. 1994) ("Once Bailor collected her worker's compensation payments she relinquished her option to collect tort damages against any party liable for her worker's compensation award."), *aff'd on other grounds*, 51 F.3d 678 (7th Cir. 1995).

In this case, application of Indiana law compels the conclusion that plaintiffs' action is barred by the Indiana workers' compensation exclusive remedy provision. It is undisputed that plaintiffs accepted workers' compensation benefits pursuant to Indiana's workers' compensation statute. Although the trial court's orders denying Phoenix's motions to dismiss found that plaintiffs have "not signed any final settlement agreement indicating consideration for or release of any other claims" against Phoenix, this fact is inconsequential under Indiana law. Under *Williams*, an employee elects his or her remedy "by accepting and receiving compensation under the Act . . . " 695 N.E.2d at 635. Since plaintiffs accepted benefits under Indiana's

Workers' Compensation Act, they are precluded, under Indiana law, from bringing an intentional tort claim. The Workers' Compensation Act now "affords the exclusive remedy" for plaintiffs against Phoenix. *Id.* at 637.

Plaintiffs, however, contend *Braxton* is a "results oriented" opinion that seeks to maximize North Carolina employees' rights rather than to establish a conflict of laws rule regarding exclusive remedy provisions. Insofar as *Braxton* is susceptible of a reading that establishes such a rule, plaintiffs suggest that *Braxton* is an anomalous departure from the well-established doctrine of *lex loci*. Regardless, only the Supreme Court may revisit *Braxton*. We are bound by *Braxton* and nothing in that opinion suggests that its rule applies only when it would expand the remedies available to the plaintiff.

Moreover, *Braxton* and our application of *Braxton* to the facts of this case are consistent with the weight of authority. As Professor Larson has stated, "[i]t is generally held that, if a damage suit is brought in the forum state by the employee against the employer or statutory employer, the forum state will enforce the bar created by the exclusive-remedy statute of a state that is liable for workers' compensation as the state of employment relation, contract, or injury." 9 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 144.01 (2008). Failure to enforce the exclusive remedy defense of a foreign state, Professor Larson observes, can result in "irremediable harm to the employer . . . . Because of this [], then, a foreign exclusive-remedy defense to common-law suit against the employer will usually be honored . . . ." *Id.*

The Restatement (Second) of Conflict of Laws § 184 (1971) reaches the same conclusion: "Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury . . . ." Comment (b) states the rationale for this rule, echoing the public policy concerns identified in *Braxton*:

> It is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states. Also to deny a person the immunity granted him by a workmen's compensation statute of a given state would frus-

trate the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what these costs will be. All states are sympathetic with the policies underlying workmen's compensation, and all states grant certain persons immunity from liability for tort or wrongful death, although the provisions of the various statutes do differ in matters of detail. For all of these reasons, a state will not hold a person liable for tort or wrongful death under the circumstances stated in the present rule.

Under the rule of this Section, a defendant will be accorded immunity from tort or wrongful death liability if he is given such immunity by the workmen's compensation statute of any state under which he is required to provide insurance against the particular risk and under which the plaintiff has already obtained an award for the injury. A person who accepts an award under the workmen's compensation statute of a given state may justly be held bound by the provisions of that statute insofar as immunity from tort and wrongful death liability is concerned.

*Id.* cmt. b.

In this case, ·denying Phoenix the benefit of Indiana's exclusive remedy provision would, in the words of the Restatement, "frustrate the efforts" of Indiana to restrict the costs of industrial accidents. It would add a layer of unpredictability to a workers' compensation framework designed to "afford a fair basis for predicting what these costs will be." *Id.* Such a result would not be consistent with the reasoning in *Braxton.*

Because *Braxton* requires us, when determining exclusive remedy issues, to look to the law that guarantees an employee his receipt of workers' compensation benefits and because Indiana law bars plaintiffs' actions, we hold that the trial court erred in denying Phoenix's 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. Accordingly, we reverse.

Reversed.

Chief Judge MARTIN and Judge WYNN concur.