Josh **WHEELER III and Kim Wheeler,**
Appellants (Plaintiffs),

v.

**PARKER DRILLING COMPANY,**
Appellee (Defendant).

No. 90–187.

Supreme Court of Wyoming.

Jan. 10, 1991.

---

William L. Combs and Harold F. Buck of Buck Law Offices, Cheyenne, for appellants.

James R. Bell of Murane and Bostwick, Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

We are presented with the following certified question from the United States District Court for the District of Wyoming:

> Will Wyoming apply the princip[le]s of comity and/or full faith and credit to recognize the exclusive remedy provisions of another state's Worker's Compensation statutes?

Although the briefs of the parties contain generous supplementations of the facts, we will base our decision on the facts contained in the certification order:

## STATEMENT OF APPLICABLE FACTS

Plaintiff, Josh Wheeler, III, was hired as an hourly employee by the defendant Parker Drilling Co. in Casper, Wyoming, in May 1988. Shortly thereafter, in the beginning of June 1988, he was temporarily transferred to Oregon to work on a drilling rig. On August 14, 1988, the plaintiff was seriously injured while working for Parker Drilling in Oregon. He applied for and received Workers' Compensation benefits from the State of Oregon. Oregon Workers' Compensation paid the plaintiff's medical bills, temporary total and partial disability benefits until November 30, 1989. While the plaintiff was working in Wyoming, Parker Drilling. had Wyoming Workers' Compensation coverage in effect on his behalf. When the plaintiff was assigned to Oregon, the defendant discontinued its Wyoming coverage on his behalf, and was provided workers' compensation insurance for him through its workers' compensation coverage carrier in the State of Oregon. Deductions were taken from the plaintiff's pay during that period for the Oregon workers' compensation coverage.

At the time of the plaintiff's accident, Parker Drilling was considered by the State of Wyoming to be a non-resident employer. The plaintiff's paychecks were not generated in Wyoming. As of April 19, 1990, plaintiff had not applied for nor received any benefits from the State of Wyoming, Workers' Compensation Division as a result of the accident at issue.

Plaintiff now brings this suit seeking recovery for injuries resulting from the

alleged negligence of the defendant. The defendant has moved the Court for summary judgment, contending that Wyoming should recognize the exclusive remedies provision of the Oregon Workers' Compensation law, Title 51, Ore.Rev. Stat. § 656.018 (1989). The defendant argues that Wyoming should give full faith and credit to the Oregon statutes, and that the public policy behind the Wyoming Act demands such a result. The plaintiff contends that an employer who is included in the provisions of Wyoming's Workers' Compensation Act, Wyo.Stat. §§ 27–14–101 et seq., but has not contributed to the fund on behalf of an injured employee, may be sued in Wyoming for negligence, notwithstanding its compliance with the Workers' Compensation statutes of any other state in covering the injured er.ployee, pursuant to Wyo.Stat. § 27–14–104 (1977, 1987 Supp.).

■ Interstate comity is commonly described as the recognition which the courts of one state give to the laws of another state as a matter of respect and courtesy. *Fremont Indemnity Company v. Industrial Commission of Arizona*, 144 Ariz. 339, 697 P.2d 1089 (1985); *Brown v. Babbitt Ford, Inc.*, 117 Ariz. 192, 571 P.2d 689 (Ct.App.1977). It is, however, a settled principle of law adopted many years ago by this Court that the doctrine of interstate comity will not be given effect if it is contrary to the public policy of this state. *Studebaker Brothers Company v. Mau*, 14 Wyo. 68, 82 P. 2 (1905).

Appellants Josh Wheeler III and Kim Wheeler contend that Appellee Parker Drilling Company is subject to a common-law negligence action because Parker Drilling did not comply with the provisions of the Wyoming Worker's Compensation Act pertaining to coverage of a Wyoming employee temporarily working in another state. The Wheelers claim that support for their reasoning is found in Wyo.Stat. § 27–14–204 (1977), *amended by* 1989 Wyo. Sess.Laws ch. 29, §§ 1 and 2 (effective July

1, 1989). On the date of Mr. Wheeler's injury, this statute provided in pertinent part:

(a) If an employee, while working outside of the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had the injury occurred within this state, the employee, or in the event of his death resulting from the injury, his dependents, are entitled to the benefits provided by this act, if at the time of the injury:

(i) His employment is principally localized in this state;

(ii) He is working under a contract of hire made in this state in employment not principally localized in any state; or

(iii) He is working under a contract of hire made in this state in employment principally localized in another state whose worker's compensation law is not applicable to his employer.

\* \* \* \* \* \*

(c) This section does not apply to an employee whose departure from this state is caused by a permanent assignment or transfer.

The Wheelers direct our attention to the record, which they insist shows that Mr. Wheeler's principal employment was localized in Wyoming, that he was working under a contract of hire made in this state, and that he was injured while he was temporarily working out of the state for Parker Drilling, which was not contributing to the Wyoming worker's compensation fund as required by the Act.

Parker Drilling directs our attention to Wyo.Stat. § 27–14–301 (1977), *amended by* 1989 Wyo.Sess.Laws ch. 29, § 1 (effective July 1, 1989), which provided:

Except as hereinafter modified, all the provisions of this act apply to nonresident employers and to their employees when employed in the state in the same

manner as to resident employers and their employees.

Parker Drilling counters the Wheelers' argument by asserting that, although Mr. Wheeler was hired in Wyoming, he was employed in Oregon by Parker Drilling, which was a nonresident employer at the time of Mr. Wheeler's injury, and covered by Oregon's worker's compensation statutes.

■ The parties in effect are each asking this Court to make findings of fact favorable to their position to determine whether or not Parker Drilling is immune from a negligence action by the Wheelers. This is the function of the certifying court, which we will not usurp. Our tasks are first to determine whether the exclusive remedy provisions contained in Oregon's worker's compensation statutes are contrary to the public policy of this state and then to decide whether we will recognize such laws as a matter of interstate comity. These exclusive remedy provisions were:

(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.-794.

(b) This subsection shall not apply to claims for indemnity or contribution asserted by a corporation, individual or association of individuals which is subject to regulation pursuant to ORS chapter 757, 760 or sections 1 to 70 of this 1987 Act.

(c) Except as provided in paragraph (b) of this subsection, all agreements or warranties contrary to the provisions of paragraph (a) of this subsection entered into after July 19, 1977, are void.

(2) The rights given to a subject worker and the beneficiaries of the subject worker for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against the employer of the worker for an injury.

(3) The exemption from liability given an employer under this section is also extended to the employer's insurer, the department, and the employees, officers and directors of the employer, the employer's insurer and the department except that the exemption from liability shall not apply:

(a) Where the injury is proximately caused by wilful and unprovoked aggression by the person otherwise exempt under this subsection;

(b) Where the worker and the person otherwise exempt under this subsection are not engaged in the furtherance of a common enterprise or the accomplishment of the same or related objectives; or

(c) Where the injury is proximately caused by failure of the employer to comply with the notice posted pursuant to ORS 654.082.

(4) Nothing in ORS 656.001 to 656.794 shall prohibit payment, voluntarily or otherwise, to injured workers or their beneficiaries in excess of the compensation required to be paid under ORS 656.-001 to 656.794.

Or.Rev.Stat. § 656.018 (1987 ed.), *amended by* 1989 Or.Laws ch. 600, § 1 (effective July 3, 1989). The exclusive remedy provisions contained in the Wyoming Worker's Compensation Act in effect at the time of Mr. Wheeler's injuries provided in pertinent part:

(a) The rights and remedies provided in this act for an employee and his de-

pendents for injuries incurred in extra-hazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment, but do not supersede any rights and remedies available to an employee and his dependents against any other person.

Wyo.Stat. § 27–14–104 (1977), *amended by* 1989 Wyo.Sess.Laws ch. 226, § 1 (effective July 1, 1989). It is clear to this Court, in light of the facts presented to us by the certifying court, that the Oregon exclusive remedy provisions are not repugnant to and are in accord with the public policy of this state.

We answer the certified question in the affirmative by stating that we will recognize the exclusive remedy provisions contained in the worker's compensation statutes of the State of Oregon by applying the principles of comity.

■ Having answered the certified question by employing the principles of comity, it is neither necessary [1] nor appropriate [2] to determine whether we are required by the United States Constitution [3] to give full faith and credit to the exclusive remedy provisions contained in Oregon's worker's compensation statutes.

---

1. Constitutional questions will not be discussed if another appropriate ground exists for resolving the issue. *State Highway Commission of Wyoming v. Sheridan–Johnson Rural Electrification Association,* 784 P.2d 588 (Wyo.1989); *State ex rel. Wyoming Workers' Compensation Division v. Medina,* 770 P.2d 1104 (Wyo.1989); and *K N Energy, Inc. v. City of Casper,* 755 P.2d 207 (Wyo.1988).

2. " '[I]t is for federal law, not state law, to prescribe the measure of credit which one state shall give to another's judgment.' " *Thomas v. Washington Gas Light Company,* 448 U.S. 261, 271 n. 15, 100 S.Ct. 2647, 2655 n. 15, 65 L.Ed.2d 757 (1980) (quoting Reese & Johnson, *The Scope of Full Faith and Credit to Judgments,* 49 Colum.

L.Rev. 153, 161–62 (1949)). *See also Pacific Employers Insurance Company v. Industrial Accident Commission of California,* 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

3. Article IV, section 1 of the United States Constitution provides:

   Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.