**AETNA U.S. HEALTHCARE, INC., on behalf of itself and its subsidiaries and all others similarly situated, Plaintiff,**

v.

**HOECHST AKTIENGESELLSCHAFT, Hoechst Marion Roussel, Inc., and Andrx Pharmaceuticals, Inc., Defendants.**

No. Civ.A. 99–2034–KHV.

United States District Court,
D. Kansas.

Aug. 17, 1999.

Angela K. Green, Niewald, Waldeck & Brown, P.C., Kansas City, MO, Victoria M. Schroeder, Levy & Craig, P.C., Kansas City, MO, for plaintiff.

Joseph M. Rebein, Joseph G. Matye, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Gregory T. Wolf, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

On June 9, 1999, the Court remanded this case for lack of subject matter jurisdiction. *See Memorandum & Order* (Doc. # 37). This matter comes before the Court on the motion for reconsideration which Andrx Pharmaceuticals, Inc. ("Andrx") filed on June 14, 1999 and plaintiff's motion for sanctions arising from the filing of the motion for reconsideration. *See Motion* (Doc. # 39) and *Plaintiff's Memorandum In Response To Andrx's Motion For Reconsideration Of The Court's Remand Order And Motion For Sanctions Against Andrx* (Doc. # 48) filed June 28, 1999. For the reasons stated below, both motions are denied.

### Analysis

**A. Defendant's Motion For Reconsideration**

The Court must first decide whether it has jurisdiction to consider defendant's motion to reconsider its order of remand. *SBKC Serv. Corp. v. 1111 Prospect Partners. L.P.*, 105 F.3d 578, 580 (10th Cir.

1997). By the time defendant filed its motion to reconsider on June 14, 1999, the Clerk of the Court had already sent a certified copy of the remand order to the District Court of Johnson County, Kansas. The Court therefore ordered Andrx to show cause why the Court should not deny its motion for reconsideration for lack of jurisdiction. *See Order To Show Cause* (Doc. # 42) filed June 18, 1999; *Response of Defendant Andrx Pharmaceuticals, Inc. To The Court's Order To Show Cause* (Doc. # 47).

The Court has the power to remand a removed case under 28 U.S.C. § 1447, which provides in relevant part that

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this

title shall be reviewable by appeal or otherwise.

In this case, as noted above, the Court found that removal was improper because the Court lacked subject matter jurisdiction over plaintiffs' claims. *See Memorandum & Order* (Doc. # 37) filed June 9, 1999 at 20. The remand therefore falls within the statutory reasons for remand set forth in Section 1447(c), causing Section 1447(d) to bar review "on appeal or otherwise." *Archuleta v. Lacuesta,* 131 F.3d 1359, 1362 (10th Cir.1997); *Flores v. Long,* 110 F.3d 730, 731 (10th Cir.1997). While the Tenth Circuit has never addressed a district court's jurisdiction to reconsider a remand order, other courts have generally followed two distinct paths. Some courts hold that district courts can reconsider a remand order under Section 1447(c) until the Clerk of the Court mails the remand order.[1] *See Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 225 (3d Cir.1995); *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984); *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.,* 837 F.2d 413, 414 (9th Cir.1988); *Federal Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979). More recent decisions, however, hold that a district court simply cannot reconsider a remand order under Section 1447(c). *See In re Lowe,* 102 F.3d 731, 736 (4th Cir.1996); *In re Loudermilch,* 158 F.3d 1143, 1146 (11th Cir.1998).[2]

The Court agrees with the approach taken by the Fourth and Eleventh Circuits. As the First Circuit has noted:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a

---

1. Defendant argues that the Court maintains jurisdiction until the state court *receives* the certified copy of the remand order. As the Court discusses below, any distinction between the two dates is a moot point for purposes of determining jurisdiction in this case.

2. Plaintiffs argue that Tenth Circuit law on this issue is clear in holding that Section 1447(d) bars the Court from reconsidering its remand order. *See Archuleta v. Lacuesta,* 131 F.3d 1359, 1362 (10th Cir.1997); *Flores v. Long,* 110 F.3d 730, 732–33 (10th Cir.1997).

Both of these cases, however, hold only that appellate courts cannot review remands under Section 1447(c); they do not address the reconsideration issue. *See Archuleta,* 131 F.3d at 1362; *Flores,* 110 F.3d at 732–33. Even those circuits which allow reconsideration agree that appellate courts cannot review a remand under Section 1447(c). *See Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir. 1994); *Hudson United Bank v. Litenda Mortg. Corp.,* 142 F.3d 151 (3d Cir.1998); *Seedman,* 837 F.2d at 414; *Federal Deposit Ins. Corp.,* 598 F.2d at 636.

privilege to be strictly construed, *cf. Shamrock Oil & Gas Corp. v. Sheets,* 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 [1941], and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

Applying these considerations to the present case, there is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.' The district court has one shot, right or wrong.

*In re La Providencia Development Corp.,* 406 F.2d 251, 252–53 (1st Cir.1969). The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), see *Archuleta,* 131 F.3d at 1362; *Flores,* 110 F.3d at 732, and a motion for reconsideration is a form of review. *See Three J Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d 112, 115 (4th Cir. 1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

The courts which allow reconsideration until the Clerk mails a copy of the remand order avoid the plain language of Section 1447(d). *See In re Lowe,* 102 F.3d at 735. The First, Third, Fifth and Ninth Circuits have all determined that reconsideration is

possible until mailing by developing a chain of cases that all derive from *Bucy v. Nevada Constr. Co.,* 125 F.2d 213 (9th Cir.1942). *See In re La Providencia Dev. Corp.,* 406 F.2d at 252,[3] *Hunt v. Acromed Corp.,* 961 F.2d 1079, 1081 (3d Cir.1992); *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984); *Seedman,* 837 F.2d at 414. In *Bucy,* the Ninth Circuit noted that an order to remand was not self-executing because under 28 U.S.C. § 71, the predecessor to Section 1447, the parties still needed to certify the action to the state court before the state court could resume jurisdiction. 125 F.2d at 217. Until the state court resumed jurisdiction, the federal court maintained jurisdiction and could reconsider its remand order. *Id.* at 217–18.

In the Court's view, however, even if the Court retains general jurisdiction over the action, Section 1447(d) prohibits the Court from exercising that jurisdiction to review its remand order—a decision which Congress expressly stated is nonreviewable. *Bucy* only discussed whether the term "immediately" in Section 71 meant that the district court lost jurisdiction upon entry of the remand order or upon certification of the order to state court. *Id.* at 217. Other than quoting Section 71 in its entirety, *Bucy* wholly ignored its prohibition against review. *Id.* at 216. The Court sees two possible rationales for the Ninth Circuit's failure to discuss the bar against review, but neither persuades the Court that *Bucy* is correct and that the Court

---

**3.** In reality, *In re La Providencia Development Corporation* did not adopt the holding in *Bucy.* Instead, the First Circuit merely noted that *Bucy* provided "the only possible exception" to the general prohibition against review imposed by Section 1447(d). *See* 406 F.2d at at 252. The First Circuit noted, however, that it did not need to decide whether *Bucy* was correctly decided. *Id.* Despite the First Circuit's express avoidance of the issue, later cases in the First Circuit cited *In re La Providencia Development Corporation* as adopting the rule stated in *Bucy. See Fosdick v. Dunwoody,* 420 F.2d 1140, 1141 n. 1 (1st Cir.1970); *Federal Deposit Ins. Corp.,* 598 F.2d 634. Neither case directly addressed the

issue, however. In *Fosdick,* defendant's petitions for removal were founded on 28 U.S.C. § 1443, which Section 1447(d) expressly excludes from its general prohibition on review. *See Fosdick,* 420 F.2d at 1141. In *Federal Deposit Insurance Corporation,* the Clerk had already mailed the remand order, meaning that both *Bucy* and Section 1447(d) mandated the same result—no reconsideration. *FDIC,* 598 F.2d at 635. First Circuit case law therefore does not indicate whether the First Circuit actually adopts *Bucy* or continues to view it as a "possible exception" to Section 1447(d) that the court will address only when necessary.

has jurisdiction to reconsider its remand order in this case. First, the Ninth Circuit may simply have missed the issue. Second, the Ninth Circuit spoke of reconsideration as part of district court's "inherent powers" and may not have considered reconsideration to be a form of review that is barred. *See id.* at 217. To the extent that the Ninth Circuit made this determination, the Court disagrees. Section 1447(d) states that a remand order is not reviewable "by appeal or otherwise." Even if reconsideration is otherwise part of the inherent power of a district court, such language forecloses that type of review in this case. Given the extremely broad language of Section 1447(d), it clearly prohibits reconsideration. Indeed, with the possible exception of the Ninth Circuit, even those courts which allow reconsideration recognize that it is barred by Section 1447(d). *See Federal Deposit Ins. Co.*, 598 F.2d at 636; *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986); *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151 (3d Cir. 1998). Rather than applying Section 1447(d) as a complete bar, however, the Fifth and Third circuits have created a dichotomy that Section 1447(d) does not appear to contemplate. In both circuits, the mailing of a remand order divests a district court of jurisdiction to reconsider a remand under Section 1447(c) but not oth-

er remands.[4] In other words, according to the Fifth and Third Circuits, district courts can ignore Section 1447(d) and freely reconsider remand orders under Section 1447(c) but not otherwise because Section 1447(d) prohibits the exact same reconsideration when it occurs after the Clerk's mailing.[5] The Court disagrees with such an approach and holds that Section 1447(d) completely bars reconsideration of remand orders under Section 1447(c). The Court therefore lacks jurisdiction to reconsider its remand order in this case.

■ Alternatively, the Court finds that it would lack jurisdiction in this case even under the *Bucy* approach. Even if the Court could reconsider its remand order until the Clerk mailed the order to the state court, this mailing occurred before defendant filed its motion to reconsider. Defendant argues that a federal court does not lose jurisdiction until the state court *receives* the remand order. While defendant cites various cases, none of them address the specific issue now presented. While many cases discuss when a federal court loses jurisdiction to consider a remand order, the Court finds no case which distinguishes between the date when the federal clerk mails the order and the date when the state court receives the order or discusses which of the two dates is the proper breaking point for federal jurisdic-

---

4. The Ninth Circuit may also follow this approach. In *Seedman*, the Ninth Circuit held that a district court could reconsider a remand order until it was mailed to the state court. The Ninth Circuit did not distinguish between remands under Section 1447(c) and other remands. 837 F.2d at 414. One could therefore argue that in the Ninth Circuit, Section 1447(d) does not prevent reconsideration; only the mailing of the remand order prevents reconsideration. On the other hand, at least one district court has found that the Ninth Circuit would follow the approach set forth by the Fifth and Third Circuits. *See Maui Land & Pineapple Co. v. Occidental Chemical Corp.*, 24 F.Supp.2d 1083, 1085–86 (D.Haw.1998).

5. One could argue that the Fifth and Third Circuits follow this approach not because Section 1447(d) prohibits reconsideration, but

because Section 1447(d) bars federal *appellate* review, thus causing all federal jurisdiction to end when the Clerk mails the remand order. This explanation is not satisfactory, however, because the Fifth Circuit expressly acknowledges that reconsideration is a form of review barred by Section 1447(d). *See New Orleans Public Service, Inc.*, 802 F.2d at 167. Likewise, both circuits rely on *In re La Providencia* and its holding that even if a district court realizes its remand order was erroneous, the court cannot vacate the order. *See Browning*, 743 F.2d at 1079 n. 26; *Hunt*, 961 F.2d at 1081. When the First Circuit made this statement in *In re La Providencia*, it was directly addressing the fact that Section 1447(d) prohibits a district court from reconsidering its prior remand order. 406 F.2d at 252. It is therefore clear that the Third and Fifth Circuits concede that reconsideration is a form of review under Section 1447(d).

tion—or why. Indeed, the distinction is an irrelevant one in this case. Regardless of which event is the key for jurisdiction, both events have occurred here. The Clerk mailed the order on June 14, 1999 and the state court received the order on June 15, 1999.[6] Under the *Bucy* approach, the Court loses jurisdiction when the remand order is executed. *See Bucy,* 125 F.2d at 217. Whether the order was executed upon mailing or receipt, it has been executed in this case and the state court has therefore resumed jurisdiction. *See* 28 U.S.C. § 1447(c). If the Court were to reconsider its remand order at this time, it would ignore the First Circuit's warning that "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *In re La Providencia Dev. Corp.,* 406 F.2d at 252. Defendant does not provide any suggestion why the pendency of its motion would somehow preserve this Court's jurisdiction. Because the Court did not stay the mailing of the remand order and the state court has received it, the Court lacks jurisdiction to consider even timely motions. *See Hunt,* 961 F.2d at 1082 n. 6; *Todd v. Richmond,* 877 F.Supp. 1485, 1487 (D.Kan.1995) (court stayed mailing to preserve jurisdiction). The Court no longer has jurisdiction over the case, even if defendant filed its motion before the Court lost jurisdiction.

▪ Finally, even if the Court had jurisdiction, it would not grant defendant's motion to reconsider. Defendant first argues that the Court should refer its reconsideration motion to the Eastern District of Michigan, where the multidistrict litigation of several related claims is pending. In its order to show cause, the Court noted that defendant's request "elevates the practice

of forum shopping to new heights and/or takes unprecedented liberties with the meaning of 'reconsideration' under Fed. R.Civ.P. 59(e) and D.Kan.Rule 7.3." *See Order To Show Cause* (Doc. # 42) at 1 n. 1. Defendant "forcefully disagrees" with the Court's statement, see *Response of Defendant Andrx Pharmaceuticals, Inc. To The Court's Order To Show Cause* (Doc. # 47) at 3, but defendant fails to show why any such transfer is proper. Defendant argues that it is merely acting in accordance with "the directives of the order of the Judicial Panel on Multidistrict Litigation … to have all pretrial proceedings in the related Cardizem CD actions decided by a single court." *Id.* at 4. Defendant is well aware that *this* action is not bound by that order and has never been consolidated into the multidistrict litigation. Despite that fact, defendant asks the Court to withhold reconsideration of its own order and allow another court (which, conveniently for defendant, has already found that a similar disgorgement claim is undivided) to "reconsider" this Court's remand order. Defendant cites no authority for this unique method of reconsideration. The Court stands by its earlier statement and sees no reason why it could not or should not reconsider its own order, if reconsideration were appropriate.[7]

▪ Plaintiffs argue that defendant cannot bring the present motion to reconsider. Defendant brings the motion under Fed. R.Civ.P. 59(e) or, in the alternative, D.Kan. Rule 7.3. Plaintiffs argue that Rule 59(e) does not apply because the remand order is not a final order. Plaintiffs then argue that D.Kan.Rule 7.3 does not apply because the remand order is nondispositive. *See* D.Kan.Rule 7.3. Plaintiffs essentially

---

**6.** The difference between mailing and receipt is not necessarily irrelevant, because the mailing of the order does not always mean that the state court will receive it; the order could be lost in the mail. Nothing of the kind occurred here, however, and the Court need not address the distinction between mailing and receipt.

**7.** Defendant's argument for transfer further establishes that Section 1447(d) should bar the reconsideration defendant seeks here. Even if one could argue that reconsideration by a district court of its own remand order does not amount to review for purposes of Section 1447(d), it is extremely difficult to argue that reconsideration by a different district court does not constitute a review of this Court's remand order.

argue that the remand order is somehow in between dispositive and nondispositive. The Court disagrees; D.Kan.Rule 7.3 is designed to allow reconsideration of those orders not covered by Fed.R.Civ.P. 59(e), and the Court believes that if Rule 59(e) does not cover its remand order, D.Kan. Rule 7.3 does. For purposes of this motion, it makes little difference which rule applies, because the standards for reconsideration are the same under both Rule 59(e) and D.Kan.Rule 7.3. To the extent that it is relevant, the Court believes that defendant properly relies upon Rule 59(e). The Court entered judgment against defendant and remanded the case to state court. *See Judgment In A Civil Case* (Doc. # 38) filed June 9, 1999. Defendant filed its motion within ten days of the entry of judgment. As the Tenth Circuit has stated, " 'regardless of how it is styled or construed . . ., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.' " *Phelps v. Hamilton,* 122 F.3d 1309, 1323–24 (10th Cir.1997) (quoting *Vreeken v. Davis,* 718 F.2d 343, 345 (10th Cir.1983); *see Miller v. Leavenworth–Jefferson Elec. Coop., Inc.,* 653 F.2d 1378, 1380 (10th Cir. 1981)).

 The Court has discretion whether to grant or deny a motion to reconsider. *See Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. Western Resources, Inc.,* 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. General Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484, 1994 WL 708220 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

Defendant argues that the Court erred in finding that plaintiffs do not have a common and undivided interest in their claim for disgorgement. Defendant notes that plaintiffs' disgorgement claim does not seek to recover based on any individual right and that plaintiffs seek to recover based on defendant's unjust conduct. In making its argument, defendant simply rehashes arguments which it previously raised. Defendant states that "the right being asserted by plaintiffs relates to Andrx's receipt of money under an allegedly anticompetitive agreement and thus is unconnected to any alleged individualized damages." *Andrx's Memorandum In Support Of Its Motion For Reconsideration Of The Court's Remand Order* (Doc. # 40) at 4. Plaintiffs, however, do not have a right to the money based solely on defendant's inequitable conduct; plaintiffs must have some connection to the damages they seek.

Defendant next argues that the Court "err[ed] by claiming that with respect to a disgorgement or unjust enrichment claim there can be no generalized common recovery fund." *See* Doc. # 40 at 4. Even if the Court made this misstatement, defendant does not point out how such a minor misstatement shows that the Court erred in ultimately remanding the case. Defendant apparently argues that a common recovery fund is necessary here, and that plaintiffs therefore have a common and undivided interest. As plaintiffs note, however, the Court did not state that a common recovery fund is *never* possible; the Court stated that such a fund is only appropriate in "unusual circumstances" and that proration of the fund based on individual damages—rather than a common recovery fund—appeared feasible in

this case. *See Memorandum & Order*, Doc. # 37 at 10. Defendant's mischaracterization of the Court's order is not grounds for reconsideration.

Defendant next points out that the Court erred by stating that in related actions where courts have considered remand, all but one court held that the disgorgement claim was an undivided interest for plaintiffs. Defendant argues that "[i]n fact, *none* of the other courts have held that the same type of disgorgement claim is insufficient to support federal jurisdiction." *See Andrx's Memorandum In Support Of Its Motion For Reconsideration Of The Court's Remand Order* (Doc. # 40) at 4. First, the Court did not claim otherwise; the Court simply meant that one court had not addressed the disgorgement issue. *See Memorandum & Order*, Doc. # 37 at 8. Even if the Court had meant what defendant argues, such an immaterial misstatement would hardly be grounds for reconsideration. Defendant again fails to argue why this misstatement is relevant, and the best that the Court can deduce is that defendant is attempting to convince the Court that it erred simply because it disagreed with every other district court to consider the issue. The Court expressly recognized that it disagreed with the other courts, *see id.*, and this fact alone is not enough to establish clear error by the Court which merits reconsideration, regardless of the number of district courts holding otherwise.

▌ Lastly, defendant argues that the Court should reconsider its remand because it would be "potentially unjust" to force defendant to litigate in more than one court. As plaintiffs note, however, it would be equally unjust to force plaintiffs to litigate in a federal court which lacks subject matter jurisdiction. Defendant does not cite any authority which recognizes an equitable exception to the limited subject matter jurisdiction of federal courts. The Court is therefore not convinced that the "potential injustice" to defendant is sufficient grounds to warrant reconsideration.

**B. Plaintiffs' Motion For Attorneys' Fees and Costs**

▌ Plaintiffs seek to recover attorneys' fees and costs incurred because of defendant's motion to reconsider. Plaintiffs rely on Section 1447(c), which allows the Court to award fees and costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). Based on Tenth Circuit law, it appears that the Court maintains jurisdiction to consider an award of costs even after it remands the case. *See Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320 (10th Cir.1997) (court remanded case on February 22, 1996 but waited until March 29, 1996 to award costs under Section 1447(c)); *see also Mints v. Educational Testing Service*, 99 F.3d 1253, 1257–58 (3d Cir.1996) (district court retains jurisdiction to consider collateral issue of fees and costs which will not interfere with state court proceedings). Plaintiffs argue that they are entitled to recovery when defendant had "no grounds to bring the motion." *See* Doc. # 48 at 7. Under Section 1447(c), plaintiffs are entitled to fees and costs when *removal* was improper, *see Excell*, 106 F.3d at 322, but plaintiffs cite no authority for such an award when faced with a meritless motion to reconsider a remand order. The Court has already determined that an award of costs based on defendant's removal is not appropriate in this case. *See Memorandum & Order* (Doc. # 37) at 20. It declines to reconsider that decision or to award costs based upon defendant's current motion.

**IT IS THEREFORE ORDERED** that the *Motion* (Doc. # 39) filed June 14, 1999 by Andrx Pharmaceuticals, Inc. be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that *Plaintiff's Memorandum In Response To Andrx's Motion For Reconsideration Of The Court's Remand Order And Motion For Sanctions Against Andrx* (Doc. # 48)

filed June 28, 1999 be and hereby is **DE-NIED.**