**Gerald Shane STUARTE, an individual Plaintiff,**

v.

**COLORADO INTERSTATE GAS, COMPANY, a Delaware corporation Defendant**

**No. 00–CV–131–B.**

United States District Court, D. Wyoming.

Dec. 20, 2000.

Order Denying Reconsideration, Jan. 19, 2001.

Kent Spence, Douglas McCalla, Spence, Moriarity & Schuster, Jackson, WY, for Plaintiff.

Todd S. Welch, Michael John Heydt, Colorado Interstate Gas, Colorado Springs, CO, Steven Gregory Greenlee, Montgomery, Kolodny, Amatuzio, Dusbabeck & Parker, Fort Collins, CO, Kevin F. Amatuzio, Montgomery, Kolodny, Amatuzio, Dusbabek & Parker, Denver, CO, for Defendants.

## ORDER

BRIMMER, District Judge.

This is a cause of action seeking damages, both compensatory and punitive, for negligence and gross negligence. Now before the Court is Defendant Colorado Interstate Gas Company's Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(1). After reading the briefs, hearing oral arguments, and being fully advised on the premises, the Court **FINDS** and **ORDERS** as follows:

### Statement of the Parties

Plaintiff Gerald Shane Stuarte is a resident of Wyoming and former employee of Northwinds of Wyoming, Inc. ("Northwinds"), a construction company incorporated in Wyoming with its principal place of business in Wyoming. Defendant Colorado Interstate Gas Company ("CIG") is a Delaware corporation with its principal place of business in Colorado. CIG is an agent of Wyoming Interstate Company, Ltd. ("WIC"), a Colorado limited liability partnership.

## Background

Defendant CIG and WIC own property in Weld County, Colorado which is undergoing development for natural gas production. The development area involved in this claim is the WIC Cheyenne Compressor Station in Weld County, Colorado ("the Facility"). Defendant CIG contracted with Northwinds to install pulsation bottles on natural gas pipelines at the Facility.

Plaintiff was hired in Weld County, Colorado by Northwinds to work at the Facility. Plaintiff's paychecks were issued from the Northwinds office in Douglas, Wyoming. Worker's compensation taxes were deducted from Plaintiff's pay by Northwinds and paid into the Wyoming worker's compensation fund.

On May 18, 1999 an explosion occurred at the Facility, injuring Plaintiff. He is receiving benefits through the Wyoming worker's compensation fund.

## Standard of Review

A motion to dismiss under Rule 12(b)(1) is proper where a plaintiff has failed to exhaust administrative remedies. 5A Wright & Miller, *Federal Practice and Procedure* § 1350 (2d ed.1990). There are two types of motions to dismiss based on Rule 12(b)(1): a facial attack questioning the sufficiency of the complaint or, as here, a challenge to the facts upon which subject matter jurisdiction depends. *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir.1995). In both cases, the plaintiff has the burden to prove that the court has jurisdiction over the subject matter. Wright & Miller, *supra*, § 1363.

A district court does not defer to the plaintiff's allegations when the factual basis for subject matter jurisdiction is under attack, but may use affidavits or other sources outside the pleadings to resolve disputed jurisdictional facts. *Holt*, 46 F.3d at 1003. A jurisdictional question may be "intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* However, "subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place," so a 12(b)(1) inquiry must precede an adjudication on the merits. 5A Wright and Miller, *Federal Practice and Procedure*, § 1350 (Supp. 2000).

## Legal Background

Both Wyoming and Colorado have worker's compensation regimes designed to provide an efficient and predictable method for dispensing with claims of injury in the workplace. *See* Wyo. Stat. Ann. § 27–14–101, et seq. (Lexis, 2000); *and* Colo. Rev.Stat. § 8–41–101, et seq. (2000). Both systems provide compensation to injured workers without regard to fault. Wyo. Stat. § 27–14–101, 102; Colo.Rev.Stat. § 8–41–101. These no-fault provisions take the place of traditional remedies at law so that employers are immunized. Wyo. Stat. § 27–14–101, 104; Colo.Rev. Stat. § 8–41–102.

The Wyoming Worker's Compensation Act ("the Wyoming Act") states that it is the exclusive remedy as to covered employers. Wyo. Stat. § 27–14–104. Likewise, the Colorado Worker's Compensation Act ("the Colorado Act") provides that covered employers cannot "be subject to any other liability for the death of or personal injury to any employee, except as provided in [these] articles; and all causes of action . . . are abolished except as provided." Colo.Rev.Stat. § 8–41–102.

The two compensation systems are different in the extent of employer coverage. In addition to traditional employers, the Colorado Act confers immunity to statutory employers: persons or companies who lease or contract out their regular business activities, Colo.Rev.Stat. § 8–41–401, and owners of real property who hire or contract out for labor to be done on that property, Colo.Rev.Stat. § 8–41–402. There is no provision analogous to Colorado's statutory protection for owners of real property.

Therefore, if Colorado law applies in this case, Defendant CIG is immune from suit, and this Court lacks subject matter jurisdiction. Accordingly, the Court must decide whether Wyoming or Colorado law applies.

### *Analysis*

### 1. Which law applies?

■ In a diversity case a federal court must apply the choice of law rules of the forum state. *Klaxon v. Stentor Electric Mfg.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Tucker v. R.A. Hanson Co., Inc.*, 956 F.2d 215, 217 (10th Cir.1992). For the purposes of this motion, a key point of contention between the parties is what the applicable choice of law rules are in Wyoming.

Defendants argue that the general rule of lex loci delicti in Wyoming mandates the application of the Colorado's worker's compensation statute. Indeed, Wyoming has a nearly uninterrupted history of using the situs of the injury to determine the proper substantive law in tort actions. "It is thoroughly established as a general rule that the lex loci delicti, or the law of the place where the tort or wrong has been committed, is the law that governs and is to be applied with respect to the substantive phases of torts or the actions therefor, and determines the question of whether or not an act or omission gives rise to a right of action or civil liability for tort. . . ." *Jack v. Enterprise Rent–A–Car Co.*, 899 P.2d 891, 894 (Wyo.1995), quoting *Ball v. Ball*, 73 Wyo. 29, 269 P.2d 302 (1954).

In response, Plaintiff points to the case of *Wessel v. Mapco, Inc.*, 752 P.2d 1363 (Wyo.1988), for the proposition that, at least with regards to worker's compensation cases, lex loci delicti no longer controls. In *Wessel*, the Wyoming Supreme Court allowed a cause of action for culpable negligence to proceed against the plaintiff's coworkers for injuries sustained in Colorado, notwithstanding provisions of the Colorado Worker's Compensation Act which conferred immunity to coworkers. *Id.* at 1369. The *Wessel* court found lex loci determinants to be improper in worker's compensation controversies:

> Originally, when worker's compensation laws were first passed, many courts applied tort conflict principles and lex loci delecti. However, currently it is recognized worker's compensation laws present unique policy questions since the process is neither tort nor contract, but a statutory hybrid, so the traditional conflict theories are inept.

*Id.* at 1364 (citations omitted).

Instead, the court in *Wessel* held that the Wyoming Worker's Compensation Act applied to the plaintiff's Colorado employment, citing the extraterritorial provisions of the Act. *Id.* at 1369. The court held that this section of the Act allowed for an employee working out of state to claim coverage if the employment was principally localized in Wyoming. *Id.* at 1370 (citing Wyo. Stat. § 27–12–208(a) (1977)).

The Wyoming Act in force at the time of the *Wessel* decision did not define "principally localized." As a result, the Wyoming Supreme Court relied on the definition contained in the Model Worker's Compensation Act:

> A person's employment is principally localized in this or another State when (1) his employer has a place of business in this or such other State and he regularly works at or from such place of business, or (2) if clause (1) foregoing is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

*Id.* at 1370–1 (quoting 4 A. Larson, *Workmen's Compensation Law*, Appendix H at 629, 649–650 (1987)). Based on this definition, the plaintiff was allowed to sue his coemployees, in direct contravention of lex loci and the bar contained in the Colorado statute. *Id.* at 1373.

■ Unfortunately for the Plaintiff in the present case, his employment with Northwinds would not meet the definition of "principally localized" used in *Wessel*,

nor would it satisfy the definition adopted in the current incarnation of the Wyoming Worker's Compensation Act. Under the current statute, out-of-state injuries or deaths are only covered where

(i) The employment is principally localized in Wyoming;

(ii) The employee at the time of the injury is working under a contract for hire made in Wyoming for employment by an employer who has a principal place of business within the state established for legitimate business-related purposes and the employment is within the United States ... but which is not principally localized in any other state ...; or

(iii) The employee at the time of the injury is working under a contract for hire made in Wyoming for employment principally localized in another state ... the workers' compensation law of which jurisdiction does not require that the employment be covered by a workers' compensation insurance policy issued under the laws of that jurisdiction.

Wyo. Stat. § 27–14–301(a)(2000).

Neither the second or third of these conditions are applicable to the Plaintiff, as the contract for hire was entered into in Colorado. Therefore, the Wyoming Act can only apply, as in *Wessel*, if the employment is principally localized in Wyoming. Employment is principally localized where:

(i) The employer has a principal place of business within the state established for legitimate business-related purposes; and

(ii) The employee regularly works at or from that place of business.

Wyo. Stat. § 27–14–301(b).

In adopting this definition, the legislature narrowed the holding of *Wessel*, effectively preventing its application in the current case. Although Plaintiff's immediate employer, Northwinds, maintains offices in Douglas, Wyoming, the Plaintiff was hired in Colorado, and his work activities were limited to the project site in Colorado.

The current version of the Wyoming Worker's Compensation Act evinces a strong legislative presumption against extraterritoriality except in the enumerated situations. The maxim of construction expressio unius est exclusio alterius (the mention of one excludes others) carries added weight in this case considering that § 27–14–301 was created after, and supersedes, *Wessel*. The Wyoming legislature could have chosen to apply the Act to a broader spectrum of nonresident employers, but it did not.

Conversely, the Colorado Workers Compensation Act generously immunizes "[e]very person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property." Colo. Stat. § 8–41–402. From the perspective of Colorado "[f]ew matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power," than the safety and protection of workers within the state. *Pac. Employers Ins. Co. v. Indus., Accident Comm'n.*, 306 U.S. 493, 503, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

To that extent, the conflict between Wyoming and Colorado Acts in this case is illusory. A false conflict exists "when, upon examination, one law—by its terms or underlying policies—is not intended to apply to a situation such as the one in issue." *Al–Kurdi v. U.S.*, 25 Cl.Ct. 599, 602 (1992) (quoting *Pearce v. E.F. Hutton Group, Inc.*, 664 F.Supp. 1490, 1496 (D.D.C.1987)). In the express terms of the Wyoming Act, the legislature has indicated that Wyoming has no interest in claims like this one. Because Colorado is the only jurisdiction with an interest in Plaintiff's claim, its Worker's Compensation Act controls.

### 2. Estoppel

Plaintiff argues, also under *Wessel*, that Defendant is estopped from asserting that Colorado law applies. However, contrary to Plaintiff's assertion this case is not "factually indistinguishable from the court's decision in *Wessel*." (Pl.'s Memo. of

Points and Authorities in Supp. of His Resp. to Def.'s Mot. to Dismiss for Lack of Subj. Matter Jurisdiction at 6.)

■ *Wessel* held that a Wyoming employer who extended coverage to its employees under the Wyoming Act could not later dispute the application of the Act to an employee's suit against coemployees. *Wessel* at 1373. Defendant CIG never elected to cover the Plaintiff under the Wyoming Act, Northwinds did. Therefore, equity does not prevent CIG from disputing the Wyoming Act's application, and this portion of the *Wessel* holding does not apply.

■ Additionally, because this Court's jurisdiction is dependent on a determination of which law applies, any equitable bar against the Defendant would not stop this inquiry. All federal courts have an affirmative duty to police subject matter jurisdiction on their own initiative, 5A Wright & Miller, *supra*, § 1350 (Supp.2000), and no equitable exception exists to the limited subject matter jurisdiction of federal courts. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F.Supp.2d 1242, 1249 (D.Kan.1999).

### 3. Comity

Defendant argues that the doctrine of comity, recognition of the laws of another state out of respect and courtesy, is used in Wyoming courts and weighs in favor of applying Colorado law here. *Wheeler v. Parker Drilling Co.*, 803 P.2d 1379 (Wyo. 1991). Plaintiff acknowledges the *Wheeler* holding, but notes that under *Wheeler* comity cannot be applied where it is contrary to the public policy of Wyoming. *Wheeler* at 1381 (citing *Studebaker Bros. Co. v. Mau*, 14 Wyo. 68, 82 P. 2 (1905)). Plaintiff contends that application of the Colorado law offends the public policy of Wyoming, in that "it serves to punish a Wyoming resident and conflicts with Wyoming laws." (Pl.'s Memo. of Points and Authorities in Supp. of His Resp. to Def.'s Mot. to Dismiss for Lack of Subj. Matter Jurisdiction at 10.)

A state's public policy is only implicated where the foreign law "would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal." *Loucks v. Standard Oil*, 224 N.Y. 99, 120 N.E. 198, 202 (1918). Likewise, "[a] mere difference between the local law rules of the two states will not render the enforcement of a claim created in one state contrary to the public policy of the other." *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir.1991) (quoting Restatement (Second) of Conflict of Laws § 90). That the legislature did not intend for the Wyoming Act to apply in cases like this, combined with the fact that Plaintiff has already received benefits for his injury under the Wyoming regime, suggests that the state's policy interests have been vindicated in this case.

### 4. Full Faith and Credit

Defendant maintains that the Colorado Worker's Compensation Act would be applied in this case under the Full Faith and Credit Clause of the United States Constitution. The Clause requires that "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other state." U.S. Const. art. IV, § 1. Because of the self-imposed limitations on the reach of the Wyoming Worker's Compensation Act and the interest asserted by the Colorado legislature in its Worker's Compensation Act, this Court is obligated to recognize and apply the substantive law of Colorado in this case. *see Pac. Employers*, 306 U.S. at 503, 59 S.Ct. 629.

### *Conclusion*

Because this controversy is governed by the Colorado Worker's Compensation Act, the Defendant is not subject to suit and this Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). **IT IS THEREFORE ORDERED** that Defendant Colorado Interstate Gas Company's Motion to Dismiss is **GRANTED.**

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CERTIFICATION TO THE WYOMING SUPREME COURT

Plaintiff asks this Court to reconsider its Order granting Defendant's Motion to Dismiss. This Court **FINDS** and **ORDERS** as follows:

### Background

Plaintiff alleges no new facts in his Motion for Reconsideration or in the Alternative Certification to the Wyoming Supreme Court ("Motion to Reconsider"). The facts pertinent to this case are contained in this Court's Order on the Motion to Dismiss of December 21, 2000. Plaintiff's Motion to Reconsider was entered ten business days later, on January 8, 2001.

### Standard of Review

■ Plaintiff brings his motion as a request for relief from judgment or order under Rule 60(b)(6). Defendant correctly cites case law holding that in this Circuit any challenge to a court's ruling filed within ten days of entry of judgment will be considered a Rule 59(e) motion to alter or amend judgment. *Trotter v. Regents of Univ. of New Mexico,* 219 F.3d 1179, 1183 (10th Cir.2000).

■ A district court is entitled to wide discretion in the consideration of Rule 59(e)motions. *See Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997)(holding a Rule 59(e) motion to amend judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence"); *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 (10th Cir.2000) (upholding denial of Rule 59(e) motion to reconsider) Motions to alter or amend judgment can't be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed.1995).

Similarly, this Court is not required to certify a question to the Wyoming Supreme Court. *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 775 (10th Cir.1999). Rather, this Court may use its discretion as to whether certification "saves time, energy, and resources, and helps build a cooperative judicial federalism." *Boyd Rosene and Assoc., Inc. v. Kansas Mun. Gas Agency,* 178 F.3d 1363, 1365 (10th Cir.1999) (citation omitted).

### Analysis

In requesting this Court to reconsider, Plaintiff essentially reiterates arguments already presented in opposition to Defendant's Motion to Dismiss. Again Plaintiff contends the doctrine of *lex loci delecti* does not apply to Wyoming worker's compensation cases; the Wyoming Act should apply extraterritorially in this case; Defendant CIG is estopped from arguing that Colorado law controls; and Wyoming interests should be advanced in the application of comity and Full Faith and Credit principles.

Because Plaintiff essentially parrots arguments already presented before this Court, we refer to conclusions reached in the Order on Defendant's Motion to Dismiss: To the extent lex loci delecti has been abrogated in Wyoming in worker's compensation cases, extraterritorial application of the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. § 27–14–101, et seq. (Lexis, 2000), is limited *by its own terms.*

If the contract for hire was not made in Wyoming, out-of-state injuries or deaths are only covered by the Wyoming Act where "the employment is principally localized in Wyoming." Wyo. Stat. § 27–14–301(a)(2000). Under the Wyoming Act, employment is principally localized where:

(i) The employer has a principal place of business within the state established for legitimate business-related purposes; and

(ii) The employee regularly works at or from that place of business.

Wyo. Stat. § 27–14–301(b).

Plaintiff creatively contends that he worked from the headquarters of Northwinds, a subcontractor with its principal place of business in Douglas, Wyoming. Plaintiff maintains that, as with the plaintiff in *Wessel v. Mapco, Inc.*, 752 P.2d 1363 (Wyo.1988), his employment was principally localized in Wyoming. Plaintiff neglects to mention, however, a key factual distinction in *Wessel:* there the plaintiff was actually dispatched from Mapco's Rock Springs, Wyoming office, where his maintenance crew was stationed, for a temporary assignment in Colorado. *Id.* at 1371.

Here, Plaintiff was hired at the Colorado site to perform duties solely at the Colorado site. Even the *Wessel* court considered "center of work" in its analysis, *Id.,* a factor conveniently omitted in Plaintiff's argument. There is nothing in the record to indicate Plaintiff has ever even been to Northwinds' Douglas office. If administrative actions on the part of Northwinds (i.e. issuing paychecks, withholding taxes) were sufficient to establish that an employee worked from that place of business, the two-tiered definition of § 27–14–301(b) becomes redundant—a principle place of business within Wyoming would be enough in most, if not all instances.

Cases cited for the first time by Plaintiff are neither controlling nor persuasive. As in *Wessel,* the plaintiff's employment in *Todacheene v. G & S Masonry* was deemed principally localized in the state of the employer's principal place of business, even though the plaintiff was injured while temporarily assigned out-of-state. 116 N.M. 478, 863 P.2d 1099 (1993). As in *Wessel, Todacheene* does not deal with the case of an employee hired and solely assigned out-of-state.

In *Shaw v. Layton,* the Utah Court of Appeals allowed a claim for a Nevada injury under Utah's worker's compensation regime, because of Utah's "declared interest in enabling its resident workers to bring a negligence action against other responsible parties." 872 P.2d 1059, 1064 (Utah Ct. App.1994). But this was only after finding a false conflict between the laws of Utah and Nevada: Nevada had no interest in the application of its laws where both parties were from Utah. *Id.*

Colorado has a strong, stated interest in immunizing resident owners of real property who contract out for improvements to their land, a public policy expressly contained in its workers compensation laws. Colo.Rev.Stat. §§ 8–41–401 and 402. The choice of law here is really no choice at all, since the Colorado Act clearly covers the Defendant, and the extraterritoriality provisions of the Wyoming Act do not apply to the Plaintiff.

Plaintiff's assertion that comity and Full Faith and Credit should not be used to undermine the public policy of Wyoming rings hollow. Neither principle prevented Plaintiff from collecting compensation under the Wyoming Act. If Wyoming truly intended to protect the ability of its citizens to bring suit in situations such as this, the Legislature should have drafted the Wyoming Act accordingly.

■ Finally, as stated in the order of dismissal, the subject matter jurisdiction of federal courts cannot be established through equitable means. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 67 F.Supp.2d 1242, 1249 (D.Kan. 1999). Even if Defendant did not or should not have brought its 12(b)(6) motion, this Court has an affirmative duty to police its subject matter jurisdiction. 5A Charles A. Wright and Arthur Miller, *Federal Practice and Procedure,* § 1350 (Supp.2000).

In his motion, Plaintiff fails to demonstrate manifest errors of law or fact, produce newly discovered evidence, show manifest injustice, or cite an intervening change in controlling law which would justify altering or amending the Order to Dismiss. Wright, Miller and Kane, *supra,* § 2810.1. Rather than causing this Court

to reevaluate its ruling, this motion merely inspires a sense of deja vu.

Because the application of the Wyoming Worker's Compensation Act in this instance is clear, this Court is not compelled to certify any question of law to the Wyoming Supreme Court. Relitigation of these issues in a state forum would be duplicative, wasteful, and would reach the same conclusion.

## Conclusion

Plaintiff has not presented new facts or questions of law requiring this court to reconsider or amend its order of dismissal. Likewise, certification of this issue to the Wyoming Supreme Court is unnecessary. **IT IS THEREFORE ORDERED** that Plaintiff Gerald Shane Stuarte's Motion for Reconsideration or in the Alternative for Certification to the Wyoming Supreme Court is **DENIED.**